WILLIE COSTON et al., Appellants, v KEITH MCGRAY et al., Defendants, and ROSA COSTON et al., Respondents. [853 NYS2d 206]—

Mercure, J.P.

Plaintiff Willie Coston (hereinafter plaintiff) and his wife, derivatively, commenced this action to recover for injuries to his cervical and lumbar spine allegedly sustained in two motor vehicle accidents in November 2002 and February 2003. Following joinder of issue, Supreme Court ultimately granted summary judgment dismissing the complaint, concluding that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of either accident. Plaintiffs appeal and we now affirm.

"[E]ven where there is objective medical proof, when additional contributory factors interrupt the chain of causation between the accident and claimed injury—such as . . . a preexisting condition—summary dismissal of the complaint may be appropriate" (*Pommells v Perez*, 4 NY3d 566, 572 [2005]). Here, defendants met their initial burden by submitting the report of an independent medical examiner who, based upon his review of plaintiff's medical records and a medical history taken from plaintiff, detailed prior injuries to plaintiff's cervical and lumbar spine. Specifically, the report reveals that plaintiff was knocked off a ladder in 1992, causing him to fall 20 feet and to

suffer disc herniation, severe back pain, and upper extremity and shoulder pain. Plaintiff was ultimately diagnosed with low back syndrome, lumbar radiculopathy and cervical syndrome, and was still suffering back pain, degenerative disc disease, sciatica, and using a cane six years after the fall. In addition, the report noted that a bill of particulars related to the fall alleged that plaintiff had suffered injury to his neck. Moreover, during the course of treatment as a result of that fall, plaintiff also revealed that he had a prior gunshot wound in the upper left chest and that a bullet lodged there caused him "difficulty with his neck and difficulty using his left arm."

The independent medical examiner's report further revealed that in 1999, plaintiff was involved in a motor vehicle accident in which the car flipped several times and he was ejected from the vehicle. Thereafter, he complained of double vision, pain in the back, shoulders and knees, and numbness in his feet and left leg. Plaintiff also fell in December 2000, aggravating his low back pain, and he was diagnosed with lumbar radiculopathy approximately one year prior to the first of the two car accidents at issue here. Notably, although he denied ever having any problems with his neck in his deposition testimony, plaintiff confirmed that the 1992 fall and 1999 accident caused him significant back injuries.*

In light of this proof of prior neck and back injuries, the burden shifted to plaintiffs to "com[e] forward with evidence indicating a serious injury causally related to the [subject] accident[s]" (*Pommells v Perez*, 4 NY3d at 579; *see Brewster v FTM Servo, Corp.*, 44 AD3d 351, 352 [2007] [explaining that "(o)nce a defendant has presented evidence of a preexisting injury, even in the form of an admission made at a deposition, it is incumbent upon the plaintiff to present proof to meet the defendant's asserted lack of causation"]; *McCarthy v Bellamy*, 39 AD3d 1166, 1167 [2007] [finding summary dismissal appropriate where the plaintiff failed to address evidence of preexisting condition]; *Figueroa v Castillo*, 34 AD3d 353, 353-354 [2006] [concluding that evidence of prior and subsequent injuries to same knee established additional contributing factors shifting the burden of proof to the plaintiff]). The evidence submitted by plaintiffs in opposition, however, did not refute defendants' showing of preexisting injuries. Plaintiffs relied solely upon the affirmation of Luis Mendoza Jr., who began treating plaintiff in December 2002, following the first of the

---

* The independent medical examiner's report also indicated that plaintiff was in another car accident in 2004— after the two incidents at issue here— causing him neck pain.

two accidents at issue here. That affirmation provides no objective basis for concluding that plaintiff's injuries were caused by these two accidents rather than the prior gunshot, accidents and falls; indeed, Mendoza's affirmation makes no reference at all to the prior incidents and injuries. As such, "there is an inadequate foundation to support [Mendoza's] conclusion that plaintiff's medical conditions are causally related to the accident[s]" at issue and Supreme Court properly dismissed the complaint (*Maye v Stearns*, 19 AD3d 902, 903 [2005]; *see Pommells v Perez*, 4 NY3d at 579-580; *Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *Montgomery v Pena*, 19 AD3d 288, 290 [2005]).

Plaintiffs' remaining arguments are either not properly before us or, upon consideration, have been found to be lacking in merit.

Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.