■ Betty Falkner et al., Appellants-Respondents, v Donald G. Hand, Respondent-Appellant, and April Tiano, Respondent. (Action No. 1.) Betty Falkner et al., Appellants, v Rachael E. Falkner, Respondent. (Action No. 2.) [876 NYS2d 747]—

Rose, J. Cross appeals from an order of the Supreme Court (Lalor, J.), entered April 9, 2008 in Greene County, which granted motions by defendants Rachel E. Falkner and April Tiano for summary judgment dismissing the complaint against them and partially granted defendant Donald G. Hand's motion for summary judgment dismissing the complaint against him.

Plaintiff Betty Falkner (hereinafter plaintiff) and her husband, derivatively, commenced two separate actions to recover for the serious injuries she allegedly sustained in three motor vehicle accidents over a two-year period. The other drivers of the motor vehicles involved in the accidents—defendants April Tiano (first accident), Donald G. Hand (second accident) and Rachel E. Falkner (third accident)—separately moved for summary judgment on the grounds that plaintiff did not sustain a qualifying serious injury (*see* Insurance Law § 5102 [d]; § 5104 [a]). In response, plaintiff asserted that, as a result of each of these accidents, she suffered injuries to her spine which qualified as serious injuries in the significant limitation of use and 90/180-day categories. Supreme Court granted Tiano's and Falkner's motions in full, but only partially granted Hand's motion, finding a question of fact as to the 90/180-day category. Plaintiffs and Hand now appeal.

Defendants met their initial burden of establishing entitlement to judgment as a matter of law by presenting evidence that the condition of plaintiff's spine was the result of a preexisting degenerative disease rather than the motor vehicle accidents. Plaintiff's medical records and her own deposition testimony establish that she had a history of significant neck and lower back problems before the accidents. Also, after conducting an independent medical examination of plaintiff and reviewing her medical records, a neurologist concluded that she had degenerative changes in her cervical and lumbar spine that created "a long history of axial musculoskeletal pain that clearly predates the accidents." He opined that her current complaints are not attributable to any of the accidents.

"[W]ith [this] persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff[s] had the burden to come forward with evidence addressing defendant[s'] claimed lack of causation" (*Pommells v Perez*, 4 NY3d 566, 580 [2005]). They were required to offer objective medical evidence distinguishing plaintiff's preexisting condition from the injuries claimed to have been caused by each accident (*see Wolff v Schweitzer*, 56 AD3d 859, 862 [2008]; *Coston v Mc-Gray*, 49 AD3d 934, 935 [2008]; *Dabiere v Yager*, 297 AD2d 831, 832 [2002], *lv denied* 99 NY2d 503 [2002]).

Due to the failure of plaintiffs' experts to fully consider and distinguish plaintiff's condition prior to each accident from her condition after that accident, as well as plaintiffs' failure to submit objective medical evidence of an exacerbation caused by any of the accidents, Supreme Court properly granted summary judgment to Tiano and Falkner (*see Pommells v Perez*, 4 NY3d at 574-575, 580; *Wolff v Schweitzer*, 56 AD3d at 862; *McNamara v Wood*, 19 AD3d 921, 922-923 [2005]; *Franchini v Palmieri*, 307 AD2d 1056, 1057-1058 [2003], *affd* 1 NY3d 536 [2003]). Since this deficiency of evidence as to causation also precludes recovery under the 90/180-day category for injuries allegedly sustained in the second accident (*see Daisernia v Thomas*, 12 AD3d 998, 999 [2004]; *Dabiere v Yager*, 297 AD2d at 832-833; *Monk v Dupuis*, 287 AD2d 187, 191 [2001]; *Blanchard v Wilcox*, 283 AD2d 821, 824 [2001]), Hand's motion should have been granted in its entirety.

Peters, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to defendants, by reversing so much thereof as partially denied defendant Donald G. Hand's motion for summary judgment; said motion granted in its entirety, summary judgment awarded to said defendant and complaint dismissed against him; and, as so modified, affirmed.