■ CAROL FOLEY, Appellant, v ANTHONY CUNZIO, Respondent. [903 NYS2d 599]—

Stein, J. Appeal from an order of the Supreme Court (Platkin, J.), entered June 30, 2009 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

In July 2005, plaintiff's vehicle was proceeding through an intersection when it was struck on the driver's side by defendant's vehicle. Plaintiff subsequently commenced this action, claiming serious injury within the meaning of Insurance Law § 5102 (d). Specifically, plaintiff claimed impairment to and loss of function of her spinal system and permanent injury to her cervical spine, exacerbated neck pain, lower back pain and migraine headaches. Following joinder of issue, defendant moved for summary judgment dismissing the complaint on the ground

that plaintiff did not suffer a serious injury. Supreme Court granted defendant's motion, prompting this appeal.*

As the proponent of the summary judgment motion, defendant had the initial burden of submitting evidence establishing that plaintiff did not suffer a causally related serious injury (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Nowak v Breen*, 55 AD3d 1186, 1187 [2008]). In support of his motion, defendant submitted, among other things, plaintiff's medical records and the report of Arnold Goran, a neurosurgeon who performed an independent medical examination of plaintiff in 2007. After examining plaintiff and reviewing a 2006 MRI of her lumbar spine, Goran concluded there was no indication of a herniated disc, and that the lower back pain reported by plaintiff was related to degenerative disc disease. Goran also concluded that plaintiff had excellent movement of her lumbar spine and was not in need of treatment in that area. Further, regarding whether the injury to the lumbar spine was causally related to the 2005 accident, plaintiff's medical records reveal that she complained of lower back pain to her physical therapist and was treated for such pain following an automobile accident in 2002. Contrary to plaintiff's contention, we find that this proof was sufficient to shift the burden to plaintiff to "set forth competent medical evidence based upon objective medical findings and tests to support [her] claim of serious injury and to connect the condition to the [2005] accident" (*Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]; *accord Wolff v Schweitzer*, 56 AD3d 859, 861 [2008]).

In light of evidence in the record that she complained about lower back pain following her 2002 accident, plaintiff was required to "come forward with evidence addressing defendant's claimed lack of causation" (*Pommells v Perez*, 4 NY3d 566, 580 [2005]; *see Coston v McGray*, 49 AD3d 934, 935 [2008]). As such, it was necessary for plaintiff's expert to "adequately address [her] preexisting back condition" (*Franchini v Palmieri*, 1 NY3d 536, 537 [2003]) and degenerative disc disease (*see Falkner v Hand*, 61 AD3d 1153, 1154-1155 [2009]). To that end, plaintiff submitted the affidavit of Loren Rosenthal, her treating neurologist since 2006. Based upon the results of an EMG and nerve conduction studies performed on plaintiff, Rosenthal opined that plaintiff suffers from lumbar radiculopathy causally

* We note that, inasmuch as plaintiff only argues on appeal that she suffered a causally related serious injury to her lumbar spine within the meaning of Insurance Law § 5102 (d), her claims of impairment or loss of use of her neck and cervical spine are deemed abandoned (*see Flater v Brennan*, 173 AD2d 945, 946 [1991]).

related to the 2005 accident, which resulted in a significant limitation of the use of her lumbar spine. Rosenthal premised his conclusion that this condition is causally related to the 2005 accident on a lack of evidence of any significant symptoms of lower back pain before 2005 and the fact that plaintiff's injury was consistent with being hit on her left side. However, the first basis for this conclusion is directly contradicted by the record evidence of plaintiff's prior complaint of lower back pain subsequent to the 2002 automobile accident, followed by numerous references in plaintiff's medical records of treatment to her back. In addition, Rosenthal's opinion as to causation completely fails to address the indication of degenerative disc disease apparent in the 2006 MRI, without any evidence of herniation. Nor did Rosenthal explain his findings in April 2007 that plaintiff had "full flexion and extension of the lumbar spine" and, in August 2007, that she had "good lumbar flexion and extension." As Rosenthal's affidavit does not adequately address plaintiff's preexisting condition and degenerative disc disease and provides no objective basis for concluding that plaintiff's condition is causally related to the 2005 accident, plaintiff has failed to raise an issue of fact sufficient to withstand summary judgment (*see Franchini v Palmieri*, 1 NY3d at 537; *Falkner v Hand*, 61 AD3d at 1155; *Wolff v Schweitzer*, 56 AD3d at 862-863; *Coston v McGray*, 49 AD3d at 936).

Cardona, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.