■ DONALD ANDERSON, Appellant, v CAPITAL DISTRICT TRANSPORTATION AUTHORITY, Respondent. [904 NYS2d 784]—

Peters, J.P. Appeal from an order of the Supreme Court (Platkin, J.), entered June 5, 2009 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

In April 2006, plaintiff, a passenger on a bus owned by defendant, fell and hit his head and left shoulder when the bus driver abruptly braked. This personal injury action was commenced alleging that plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 (d). Specifically, he claimed that he suffered spinal cord compression, extreme pain, weakness and numbness in his extremities, massive headaches and injuries to his shoulder, neck, back and legs. Following joinder of issue, Supreme Court granted defendant's motion for summary judgment dismissing the complaint. Plaintiff appeals, and we affirm.

Defendant made a prima facie showing that plaintiff did not suffer a serious injury as a result of this accident through the affirmation and sworn report of board certified orthopedic surgeon Louis Nunez. After conducting an independent medical examination of plaintiff and reviewing his medical records, deposition testimony and certain pleadings, Nunez concluded that, other than a strain of the cervical and lumbar spine which have since resolved, no objective medical evidence existed establishing that plaintiff's injuries were caused by the subject accident. He noted that plaintiff was involved in five prior accidents between 1994 and 2000 and had a documented history of extensive preexisting conditions involving, among others, his lumbar spine and lower back, which required surgical intervention and pain management well before the accident at issue. Nunez found no objective changes following the accident to any of the body parts at issue, that plaintiff's complaints prior to the accident were nearly identical to those following the accident, and that objec-

tive tests performed shortly after the accident revealed no spinal cord compression or other acute trauma resulting from the accident.

The burden then shifted to plaintiff to "set forth competent medical evidence based upon objective medical findings and tests to support his claim of serious injury and to connect the condition to the accident" (*Wolff v Schweitzer*, 56 AD3d 859, 861 [2008] [citations omitted]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *McNamara v Wood*, 19 AD3d 921, 923 [2005]). Furthermore, "with persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff had the burden to come forward with evidence addressing defendant's claimed lack of causation" (*Pommells v Perez*, 4 NY3d 566, 580 [2005]; *see Falkner v Hand*, 61 AD3d 1153, 1154 [2009]; *Wolff v Schweitzer*, 56 AD3d at 861).

In opposition to the motion, plaintiff offered the affirmation and two-paragraph medical report of Frank Ferra, his treating physician for the past three years. These sparse submissions, however, provide no objective basis for concluding that plaintiff's injuries were caused by the subject accident. Although Ferra opined that none of plaintiff's preexisting injuries are the direct cause of his current problems, he did not identify any specific injury that was caused by the subject accident and failed to set forth any diagnostic tests or other objective evidence that would establish an exacerbation of any of plaintiff's prior injuries or support his finding of a causally related back injury.* Also critically absent from his affirmation is any "objective medical evidence distinguishing plaintiff's preexisting condition[s] from the injuries claimed to have been caused by [this] accident" (*Falkner v Hand*, 61 AD3d at 1154; *see Wolff v Schweitzer*, 56 AD3d at 861; *McCreesh v Hoehn*, 307 AD2d 638, 639 [2003]). Furthermore, Ferra's finding that plaintiff "rarely" had trouble walking before the subject accident and only now needs the use of a cane is belied by the record. In the absence of objective evidence, Ferra's opinion that plaintiff's condition is causally related to the subject accident is both speculative and conclusory and, thus, patently insufficient to raise an issue of fact sufficient to withstand summary judgment (*see Pommells v Perez*, 4 NY3d at 580; *Falkner v Hand*, 61 AD3d at 1155; *McNamara v Wood*, 19 AD3d at 922-923; *Franchini v Palmieri*, 307 AD2d 1056, 1057-1058 [2003], *affd* 1 NY3d 536 [2003]).

The parties' remaining contentions need not be addressed in light of our determination.

---

* Despite the numerous causally related injuries alleged by plaintiff in his bill of particulars, the only one specifically addressed by Ferra is plaintiff's claimed back injury.

Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.