■ KIRIAN COWSERT, Individually and as Parent and Guardian of ELLA COWSERT, an Infant, Respondent, v MACY's EAST, INC., et al., Respondents, and BAY STATE ELEVATOR COMPANY et al., Appellants. [912 NYS2d 765]—

Malone Jr., J. Appeal from an order of the Supreme Court (Caruso, J.), entered October 28, 2009 in Schenectady County, which denied a motion by defendants Bay State Elevator Company and Elevator Sales and Services, Inc. for summary judgment dismissing the complaint against them.

Plaintiff commenced this action seeking damages for injuries sustained by her infant daughter on an escalator in a store operated by defendant Macy's East, Inc. As is relevant here, Macy's contracted with defendant ThyssenKrupp Elevator Corporation to maintain the escalator, and ThyssenKrupp, in turn, subcontracted with defendants Elevator Sales and Services, Inc. and Bay State Elevator Company (hereinafter collectively referred to as defendants) to perform the maintenance. Following the joinder of issue and completion of discovery, defendants moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion and defendants appeal.

As is relevant here, defendants' obligation to provide maintenance services pursuant to the subcontract does not give rise to tort liability in favor of plaintiff unless the duty of Macy's to maintain the escalators was entirely displaced by a "comprehensive and exclusive" maintenance agreement (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). Defendants

argued before Supreme Court that their obligations under the subcontract did not give rise to a duty because their roles were limited to performing certain tasks. On this appeal, however, they argue that they are not liable to plaintiff because ThyssenKrupp's original contract with Macy's is not a "comprehensive and exclusive" maintenance agreement (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d at 588). Specifically, defendants claim that Macy's retained the right to inspect the maintenance work, conducted its own safety inspections and arranged for periodic safety inspections by an independent inspector. However, a review of the record reveals that these arguments were not raised in defendants' motion for summary judgment and, therefore, are not preserved for review (*see Goodspeed v Adirondack Med. Ctr.*, 43 AD3d 597, 598 [2007]).* Likewise not preserved—and, in any event, not persuasive—is the contention that the subcontract is inherently ambiguous with respect to defendants' obligations.

Instead, the record before us establishes that ThyssenKrupp's duties to Macy's with respect to the escalators included, among other things, the duties to maintain the escalators in a safe operating condition, perform routine preventative maintenance, replace worn parts and provide emergency service. The fact that Macy's reserved the right to audit the work performed by ThyssenKrupp to ensure that it was in accordance with the terms and conditions of that agreement does not prove that ThyssenKrupp did not assume exclusive responsibility for the maintenance of the escalator (*compare Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 673-674 [2004]). The record also establishes that ThyssenKrupp's entire maintenance contract with Macy's was specifically incorporated into its subcontract with defendants "for purposes of defining the term and scope of work" to be performed by defendants. Thus, as Supreme Court found, defendants "contractually assumed the same comprehensive scope of work contained in the Macy's-ThyssenKrupp contract," notwithstanding the fact that their actual roles may have been limited. Accordingly, defendants' motion for summary judgment was properly denied.

Mercure, J.P., Peters, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* Having determined that this argument is not preserved, we need not address defendants' request to take judicial notice of the record in the prior appeal in this case.