Malone Jr., J.
Plaintiff commenced this action alleging that, as a result of a motor vehicle accident, she sustained serious injuries as provided by Insurance Law § 5102 (d) under the permanent consequential and significant limitation of use categories. Specifically, plaintiff alleged that she sustained serious injuries to her neck, shoulder, spine and upper arm. Following discovery, defendant Raymond A. Nargizian (hereinafter defendant), the owner and operator of the vehicle in which plaintiff was a pas *1077 senger at the time of the accident, successfully moved for summary judgment dismissing the complaint against him. Plaintiff appeals.*
Defendant satisfied his initial burden as the proponent of summary judgment dismissing the complaint against him by providing competent medical evidence that the injuries complained of by plaintiff were not caused by the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Howard v Espinosa, 70 AD3d 1091, 1092 [2010]). Specifically, defendant submitted plaintiffs medical records revealing a significant history of chronic neck and back pain attributed to the motor vehicle accident that occurred in 1999. Defendant also submitted the medical reports of a neurosurgeon and a physician, both of whom examined plaintiff prior to the subject accident, as well as the report of a physician who conducted an independent medical examination of plaintiff subsequent to the subject accident. These reports all established that plaintiffs injuries preexisted the subject accident and were not causally related (see Howard v Espinosa, 70 AD3d at 1092-1093; Felton v Kelly, 44 AD3d 1217, 1219 [2007]).
The burden thus shifted to plaintiff to proffer medical evidence that “ ‘contain[ed] objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing [her] present limitations to the normal function, purpose and use of the affected body organ, member, function or system’ ” (Dean v Brown, 67 AD3d 1097, 1098 [2009], quoting John v Engel, 2 AD3d 1027, 1029 [2003]; accord Peterson v Cellery, 93 AD3d 911, 913 [2012]). In addition, in light of defendant’s evidence of preexisting injuries, plaintiff was required to provide “ ‘evidence addressing defendant’s claimed lack of causation’ ” (Wolff v Schweitzer, 56 AD3d 859, 861 [2008], quoting Pommells v Perez, 4 NY3d 566, 580 [2005]). In that regard, plaintiff submitted the affidavit of her chiropractor, who began treating her following the 1999 motor vehicle accident. Significantly, however, while the chiropractor generally avers that plaintiffs alleged injuries are the result of the subject accident, he does not allege that he ever performed any objective medical tests of plaintiff’s range of motion or other diagnostic tests, and his affidavit is devoid of evidence distinguishing plaintiffs current limitations from those that predated the subject accident (see Anderson v Capital Dist. Transp. Auth., 74 AD3d 1616, 1617 [2010], lv denied 15 NY3d 709 [2010]; How *1078 ard v Espinosa, 70 AD3d at 1093-1094). Inasmuch as the chiropractor’s report did not establish that an issue of fact existed regarding causation, Supreme Court properly granted defendant’s motion for summary judgment dismissing the complaint against him (see Franchini v Palmieri, 1 NY3d 536, 537 [2003]; Foley v Cunzio, 74 AD3d 1603, 1604-1605 [2010]).
To the extent not specifically addressed, plaintiffs remaining contentions have been considered and found to be without merit.
Rose, J.E, Spain, Kavanagh and Egan Jr., JJ, concur. Ordered that the order is affirmed, with costs.

 Defendant Ghouse J. Farouqui joined defendant’s motion for summary judgment and Supreme Court ultimately dismissed the complaint against him. as well. That part of the court’s order is not at issue on this appeal.