■ Lois Putnam, Respondent, v Sysco Corporation et al., Appellants. [957 NYS2d 506]—

Spain, J.

Defendants do not directly challenge the existence of any specific Insurance Law § 5102 (d) injury claimed by plaintiff, but, instead, met their initial burden of proof by establishing through competent medical evidence that the accident did not cause any of the alleged serious injuries (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]). Specifically, defendants demonstrated, through the deposition testimony of plaintiff, her medical records, the deposition testimony of her treating neurosurgeon Bruce Tranmer and the affirmation of Richard Saunders, a physician who performed an independent medical exam, that plaintiff's significant preexisting injuries were the sole cause of her pain.

Plaintiff testified that she has a history of neck and back pain dating back to 2005, leading to cervical fusion surgery performed by Tranmer in September 2008. A medical record from plaintiff's visit to her primary physician six days after the automobile accident—January 26, 2009—reflects that plaintiff sought treatment for neck pain and numbness in her right arm and hand originating from the accident, but also states that she "reports [active range of motion] unchanged from prior (since surgery)," and she was referred back to Tranmer. In April 2009, following X rays and a CT scan, Tranmer concluded that plaintiff sustained a "whiplash like injury," and he testified that a comparison of plaintiff's postaccident CT scan with her preaccident CT scan "looked pretty similar . . . there were no new disc herniations, or disrupted, or broken bones." Likewise, Saunders stated that his independent medical exam of plaintiff revealed that "there is really no objective finding based on the medical records and physical examination . . . to support a conclusion that [plaintiff] is materially worse off than she was before the motor vehicle accident" and that her preexisting "degenerative condition accounts for most or all of [plaintiff's] current disability."

Accordingly, defendants set forth a prima facie case that plaintiff did not suffer any causally related serious injury because her postaccident symptoms are identical to the symptoms associated with her preexisting condition, shifting "the burden to plaintiff to 'set forth competent medical evidence based upon objective medical findings and tests to support [her] claim of serious injury and to connect the condition to the accident' " (*Tracy v Tracy*, 69 AD3d 1218, 1219 [2010],

quoting *Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]) by distinguishing her preexisting conditions from her claimed injury (*see Pommells v Perez*, 4 NY3d 566, 571-572 [2005]; *Mac-Millan v Cleveland*, 82 AD3d 1388, 1389 [2011]). Plaintiff testified that, after her surgery, her pain ceased and she was cleared to go back to work without restrictions. Following the accident, however, plaintiff was advised not to return to work and eventually Tranmer put her on lifelong work restrictions. He testified at his deposition that "the car accident did exacerbate [plaintiff's] condition."

Plaintiff also relies on the affirmation of Marco Berard, an orthopedic surgeon,[2] who examined plaintiff in March 2012. Berard confirmed plaintiff's severely decreased cervical range of motion with objective, quantitative evidence. Significantly, Berard demonstrates that his opinions are offered with full knowledge of plaintiff's medical history, and nevertheless concludes that, "[a]lthough plaintiff had a pre-existing condition, all medical evidence indicates that she had been successfully treated for that condition and . . . that the accident resulted in the devastating setback experienced by the plaintiff." He further stated that the "objective findings [he] made were not present in the plaintiff's medical condition in December of 2008." Berard's findings in this regard are also supported by the report of Saunders who, although opining that the "large part" of plaintiff's current complaints are related to her preexisting condition, also states that there is a causal connection between plaintiff's accident and her ongoing complaints of the "exacerbation of her chronic cervical pain."

This evidence, viewed in the light most favorable to plaintiff (*see Gronski v County of Monroe*, 18 NY3d 374, 381 [2011]), is sufficient to raise a material question of fact on the issue of whether plaintiff suffered a serious injury as a result of the motor vehicle accident. Significantly, Berard's opinion that the accident caused distinct and identifiable injuries to plaintiff, given with full knowledge of her preexisting condition (*compare Franchini v Palmieri*, 307 AD2d 1056, 1057 [2003], *affd* 1 NY3d 536 [2003]) and based on objective medical findings of her current injury, is sufficient to create a question of fact as to whether plaintiff suffered a serious injury attributable to the motor vehicle accident (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *MacMillan v Cleveland*, 82 AD3d at 1390; *Pugh v DeSantis*, 37

---

2. Defendants argue that Berard's report must be rejected because he was not disclosed as an expert prior to plaintiff filing the note of issue. However, as they failed to object to Berard's report on this basis, the issue is unpreserved for our review (*see Cowsert v Macy's E., Inc.*, 79 AD3d 1319, 1320 [2010]).

AD3d 1026, 1030 [2007]; *Secore v Allen*, 27 AD3d 825, 827-828 [2006]; *compare Ostroll v Nargizian*, 97 AD3d 1076, 1077-1078 [2012]; *Shackett v Nappi*, 75 AD3d 709, 711 [2010]).

In light of our holding that plaintiff has raised a triable issue of fact on the issue of causation of her injuries, we need not address defendants' contention that plaintiff's claim for economic loss in excess of basic economic loss must be dismissed.

Rose, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.