■ MICHELLE D. RUSSELL, Respondent, v CORNELL UNIVERSITY et al., Appellants. [973 NYS2d 407]—

McCarthy, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered May 21, 2012 in Tompkins County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff was involved in motor vehicle collisions with deer in 2005 and 2006. Following those accidents, plaintiff received ongoing medical and chiropractic treatment for injuries to her lumbar and cervical spine. In 2007, plaintiff was sitting in her

parked vehicle when defendant Irene Leksutis, an employee of defendant Cornell University who was driving a vehicle owned by Cornell, rear-ended plaintiff's vehicle while Leksutis was attempting to pull out of a parking space. After the 2007 accident, plaintiff continued to receive medical and chiropractic care for lumbar and cervical injuries and, ultimately, plaintiff underwent surgery to repair a herniated disc at C6-7.

Following her surgery, plaintiff commenced this action seeking damages for injuries allegedly sustained in the 2007 accident. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 as a result of the 2007 accident. As is relevant here, plaintiff opposed the motion and cross-moved for partial summary judgment on the issue of liability and also sought leave to serve an amended bill of particulars. Supreme Court denied defendants' motion, granted plaintiff's cross motion for partial summary judgment and granted plaintiff leave to serve an amended bill of particulars. Defendants appeal.

Defendants satisfied their initial burden of establishing that plaintiff did not suffer a causally related serious injury through submission of plaintiff's medical records and deposition testimony reflecting that plaintiff had a significant history of cervical injury and was receiving ongoing treatment for such injury at the time of the subject accident (*see Putnam v Sysco Corp.*, 101 AD3d 1571, 1572 [2012]; *Anderson v Capital Dist. Transp. Auth.*, 74 AD3d 1616, 1616-1617 [2010], *lv denied* 15 NY3d 709 [2010]; *Foley v Cunzio*, 74 AD3d 1603, 1604 [2010]). Moreover, plaintiff's complaints of neck injury prior to and after the 2007 accident were identical and MRI images showed no change in the condition of plaintiff's herniated disc at C6-7 from before the 2007 accident to the time of her surgery in 2009. Defendants also submitted the report of an independent medical examination that detailed plaintiff's medical treatment from 2005 to 2009 and opined that there was no causal relationship between her cervical injury and the 2007 accident.

Faced with such competent evidence that plaintiff's claimed injury was related to a preexisting condition, plaintiff then had the burden to come forward with objective medical evidence distinguishing her preexisting condition from the injury claimed to have been caused by this accident (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]; *Putnam v Sysco Corp.*, 101 AD3d at 1572-1573; *Falkner v Hand*, 61 AD3d 1153, 1154 [2009]). This, plaintiff failed to do. Plaintiff submitted the reports of two physicians indicating that her preexisting condition was exacer-

bated by the 2007 accident. However, these physicians apparently based their conclusions upon plaintiff's representations that her symptoms worsened following the 2007 accident, but their reports did not offer objective evidence differentiating plaintiff's condition prior to the 2007 accident from her condition after the 2007 accident or distinguishing the injury allegedly sustained in that accident from the preexisting injuries (*see Foley v Cunzio*, 74 AD3d at 1605; *Falkner v Hand*, 61 AD3d at 1154-1155). Accordingly, plaintiff failed to raise an issue of fact sufficient to survive summary judgment and the complaint should be dismissed.

Stein, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, plaintiff's cross motion denied, defendants' motion granted, summary judgment awarded to defendants and complaint dismissed.