■ RONALD J. THOMAS, JR., Appellant, v PATRICIO G. KU et al., Respondents. [977 NYS2d 481]—

Lahtinen, J. Appeal from an order of the Supreme Court (Melkonian, J.), entered October 18, 2012 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action alleging that he sustained serious injuries when a vehicle owned by defendant James Ku and operated by defendant Patricio G. Ku rear-ended plaintiff's vehicle in July 2010. Plaintiff was treated and released at an emergency room on the day of the accident for complaints of head, neck and back pain. He next sought medical care about three months later when he was examined by the physician who had performed a fusion surgery of his C6-7 vertebrae in 2009 for an injury that had occurred in 2008. No acute injury or damage to the fusion site was detected and plaintiff was referred to physical therapy, which he attended for only about two months. In January 2011 and then again a year and a half later, in July 2012, he was examined by Luis Mendoza. An independent medical examination was conducted on behalf of defend-

ants in February 2012 by Lydia Shajenko. Following disclosure, defendants moved for summary judgment dismissing the complaint on the basis that plaintiff had not suffered a serious injury (*see* Insurance Law § 5102 [d]). Plaintiff asserted that his injuries were sufficient under the permanent consequential, significant limitation and 90/180-day categories. Supreme Court granted defendants' motion and plaintiff now appeals.

Defendants met their initial burden (*see Davis v Cottrell*, 101 AD3d 1300, 1300-1301 [2012]; *Bowen v Saratoga Springs City School Dist.*, 88 AD3d 1144, 1145 [2011]). They submitted plaintiff's deposition testimony indicating that he sought limited medical treatment regarding his purported injuries and his visit to Mendoza was at the direction of his attorney, he did not work immediately after the accident because he was winding down his job as he sought new employment, he did not miss job interviews because of injuries from the accident, and he has been at his new position since March 2011. An affirmed report from Shajenko related tests that she conducted and plaintiff's medical history, which included a prior back injury and a cervical fusion at C6-7 resulting from a weight lifting injury in 2008. She opined that plaintiff's decreased range of motion resulted from preexisting degenerative changes and the prior cervical spine fusion. Shajenko further stated that plaintiff can work without restriction and that he has no current disability related to the July 2010 accident.

"In light of [the] proof of [plaintiff's preexisting injuries], the burden shifted to plaintiff[ ] to 'com[e] forward with evidence indicating a serious injury causally related to the [subject] accident' " (*Coston v McGray*, 49 AD3d 934, 935 [2008], quoting *Pommells v Perez*, 4 NY3d 566, 579 [2005]). Plaintiff was "required to offer objective medical evidence distinguishing [his] preexisting condition from the injuries claimed to have been caused by [this] accident" (*Falkner v Hand*, 61 AD3d 1153, 1154 [2009]; *see Franchini v Palmieri*, 307 AD2d 1056, 1058 [2003], *affd* 1 NY3d 536 [2003]). Mendoza's first report (January 2011) made no attempt to distinguish the preexisting condition and, while his second report (July 2012) addressed the issue in a cursory fashion, his opinion appears premised in part on the assumption that plaintiff had been out of work since the accident. However, plaintiff had returned to work by March 2011, long before Mendoza's July 2012 report. Mendoza's report lacked an objective medical basis for the opinion regarding the preexisting condition. No other objective medical evidence relevant to distinguishing his preexisting condition was submitted by plaintiff (*see Russell v Cornell Univ.*, 110 AD3d 1236, 1237-

1238 [2013]; *Foley v Cunzio*, 74 AD3d 1603, 1605 [2010]). The lack of sufficient proof of causation is dispositive of all serious injury categories asserted herein. The remaining arguments are either academic or without merit.

Rose, J.P., Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.