*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 16, 2014                    517668
_____

MARY SHELLEY,
                    Appellant,

            v                                   MEMORANDUM AND ORDER

SEAN P. McCUTCHEON,
                    Respondent.
_____

Calendar Date:   September 11, 2014

Before:   Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

_____

        Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel),
for appellant.

        Boeggeman, George & Corde, PC, Albany (Paul A. Hurley of
counsel), for respondent.

_____

Stein, J.

        Appeals from an order and an amended order of the Supreme
Court (Zwack, J.), entered February 22, 2013 and March 5, 2013 in
Ulster County, which granted defendant's motion for summary
judgment dismissing the complaint.

        In April 2010, plaintiff was involved in a motor vehicle
accident when her car was rear-ended by defendant's vehicle while
stopped at a traffic light.  Plaintiff was taken by ambulance to
the hospital — with complaints of head, back and shoulder pain —
where doctors performed an X ray, diagnosed her with neck strain
and a muscle contraction headache and discharged her with a
prescription for pain medication.  Plaintiff later underwent an
MRI after she continued to experience head, neck and back pain
and subsequently made complaints of pain to her left knee.

Plaintiff was diagnosed as being temporarily totally disabled, was unable to return to work and was prescribed physical therapy.

In August 2010, plaintiff commenced this personal injury action. Following the completion of discovery, defendant moved for summary judgment dismissing the complaint, arguing that plaintiff had not sustained a serious injury as defined in Insurance Law § 5102 (d) as a result of the accident. In an order and amended order, Supreme Court granted the motion and dismissed the complaint. Plaintiff now appeals from both the order and the amended order.

As the movant, defendant bore the initial burden of establishing, through competent medical evidence, that plaintiff did not suffer a serious injury as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Raucci v Hester, 119 AD3d 1044, 1044 [2014]; Putnam v Sysco Corp., 101 AD3d 1571, 1572 [2012]; DeHaas v Kathan, 100 AD3d 1057, 1058 [2012]; Cole v Roberts-Bonville, 99 AD3d 1145, 1146 [2012]). In support of his motion, defendant proffered, among other things, plaintiff's medical records and deposition testimony, as well as an orthopedic evaluation from physician John Ioia. In his report, Ioia noted that plaintiff had sustained a work-related injury to her right shoulder and back in 2000, had shoulder surgery in 2003, and had other conditions that caused her to retire from her previous employment. After a physical examination of plaintiff, Ioia indicated that plaintiff had certain diminished ranges of motion to her shoulder area, but nonetheless opined that these complaints were "strictly somatic, and degenerative in nature," and related her back complaints to her weight and advancing age. As to her left knee injury, Ioia noted that plaintiff did not complain about knee pain until some time after the accident and opined that this condition was related to "chronic, ongoing degenerative change, secondary to age and body weight, rather than a discrete injury from the motor vehicle accident." Indeed, there is no mention in plaintiff's medical reports regarding her left knee until approximately six months following the accident. Thus, defendant met his initial burden of establishing that the left knee, shoulder and back injuries were preexisting and/or not causally related to the accident, shifting the burden to plaintiff to submit objective

medical evidence sufficient to raise a triable issue of fact (see Pommells v Perez, 4 NY3d 566, 579 [2005]; Russell v Cornell Univ., 110 AD3d 1236, 1237 [2013]).

In opposition to defendant's motion, plaintiff proffered, among other things, the treatment records of Luis Mendoza, one of her treating physicians, in which Mendoza concluded that plaintiff was temporarily totally disabled and causally related her shoulder, back and left knee injuries to the accident. However, these records make no reference to plaintiff's preexisting injuries to her shoulder and, although Mendoza submitted an affirmation in which he concluded that plaintiff's accident significantly aggravated her previous lower back and shoulder injuries, he failed to offer objective medical evidence distinguishing or differentiating plaintiff's preexisting conditions from those alleged to have been caused by the accident (see Thomas v Ku, 112 AD3d 1200, 1201 [2013]; Russell v Cornell Univ., 110 AD3d at 1238; MacMillan v Cleveland, 82 AD3d 1388, 1389 [2011]).

Plaintiff also submitted the records of another treating physician, Paul Jones, who likewise opined that plaintiff was disabled and causally related her injuries to the accident. Again, however, Jones' report makes no mention of plaintiff's preexisting injuries and fails to otherwise indicate that he was actually aware of those injuries. Further, neither Jones nor Mendoza provided any explanation as to the significant delay between the date of the accident and the time that plaintiff first made a complaint regarding her left knee. As a result, plaintiff failed to refute defendant's showing that the shoulder, back and left knee injuries were preexisting and/or not causally related to the accident, and Supreme Court properly granted defendant's summary judgment motion with regard to these injuries (see Thomas v Ku, 112 AD3d at 1201; Russell v Cornell Univ., 110 AD3d at 1238; compare Raucci v Hester, 119 AD3d at 1046).

We reach a different conclusion, however, with respect to plaintiff's claim that, as a result of the accident, she sustained a neck injury and persistent headaches that prevented her "from performing substantially all of the material acts which constitute [her] usual and customary daily activities for not

less than [90] days during the [180] days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]).  As to plaintiff's neck injury, Ioia acknowledged that plaintiff had diminished range of motion to the cervical area and she "demonstrate[d] cervicalgia or generalized neck pain as one sees after a whiplash," and he also found chronic degenerative change on the MRI.  Although Ioia concluded that plaintiff has "no ongoing cervical radiculopathy," he failed to confirm that plaintiff did not suffer an injury to her neck as a result of the accident that would be deemed a serious injury under the Insurance Law.[1]

In particular, Ioia — who examined plaintiff approximately 16 months after the accident — did not "adequately address plaintiff's condition or limitations within the first 180 days following the accident, which was necessary to foreclose the 90/180-day category of serious injury" (Colavito v Steyer, 65 AD3d 735, 736 [2009]).  In fact, as Ioia noted, an EMG conducted within two months of the accident revealed evidence of a right C6-C7 cervical radiculopathy, and plaintiff's medical records during the 180 days following the accident established that plaintiff had restricted range of motion, spasms and trigger points in her cervical spine, was diagnosed with cervical disc injuries, cervical radiculopathy and neuropathy and was prescribed physical therapy.  As a result, plaintiff was directed to avoid activities that would exacerbate her condition and was unable to return to the job that she had at the time of the accident.  Thus, defendant failed to sustain his initial burden as to the cervical injury under the 90/180-day category (see id.; Hildenbrand v Chin, 52 AD3d 1164, 1166 [2008]), without regard to the sufficiency of plaintiff's opposing papers (see Pezzino v Woodruff, 103 AD3d 944, 944 [2013]), and was not entitled to

_____

[1]  Ioia expressly declined to make any statement regarding plaintiff's complaints of headaches which, according to plaintiff's medical records, deposition testimony and affidavit, were excruciating and continued for months after the accident.

summary judgment dismissing that part of the complaint.[2]

Peters, P.J., Lahtinen, Garry and Devine, JJ., concur.


ORDERED that the order and amended order are modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing that part of the complaint alleging that plaintiff suffered a serious injury to her neck in the 90/180-day category; motion denied to that extent; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2] Notwithstanding her failure to make an appropriate application before Supreme Court, plaintiff now requests that we grant summary judgment in her favor on the 90/180-day category of serious injury. However, after reviewing the record, we decline plaintiff's request, as we find that she did not demonstrate her entitlement to such relief as a matter of law.