*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 30, 2014                    517759
_____

WILLIAM DUDLEY,
                        Appellant,

         v                                  MEMORANDUM AND ORDER

FRANK IMBESI,
                        Respondent.
_____


Calendar Date:   September 12, 2014

Before:   Peters, P.J., Stein, Garry, Egan Jr. and Clark, JJ.


                      _____


         Grasso, Rodriguez, Grasso & Burke, PLLC, Schenectady
(Christopher R. Burke of counsel), for appellant.

         Horigan, Horigan & Lombardo, PC, Amsterdam (Peter M.
Califano of counsel), for respondent.


                      _____


Peters, P.J.

         Appeal from an order of the Supreme Court (Reilly Jr., J.),
entered July 30, 2013 in Schenectady County, which granted
defendant's motion for summary judgment dismissing the complaint.

         In April 2010, plaintiff, a pedestrian, was struck by
defendant's vehicle as he was backing it out of his driveway.
Plaintiff brought this action alleging that he sustained certain
psychological and physical injuries as a result of the accident.
Following joinder of issue, defendant moved for summary judgment
dismissing the complaint on the ground that plaintiff did not
sustain a serious injury within the meaning of Insurance Law
§ 5102 (d) as a result of the accident.  Supreme Court granted
the motion, and plaintiff appeals.

Defendant made a prima facie showing that plaintiff did not suffer a serious injury as a result of this accident through submission of plaintiff's deposition testimony and his substantial medical and Social Security disability records, which reflect a documented history of extensive preexisting conditions and injuries that have produced the same types of symptoms that plaintiff now attributes to the subject accident. Specifically, these submissions establish that plaintiff was involved in a prior motor vehicle accident in 1989 and was subsequently found to be disabled in 1993 due to "severe impairments secondary to low back and cervical pain." Plaintiff continued to complain of pain in his neck, back, legs and arms over the course of the ensuing years, and his disabling injuries were classified as permanent in 1996. His medical records indicate that he also suffered from certain cognitive difficulties and psychological disorders as a result of his condition. Plaintiff was involved in yet another motor vehicle accident in February 2010 — only months prior to the subject accident — and his complaints and symptoms following that accident were nearly identical to those following the accident at issue here.

In light of the proof that plaintiff's injuries were related to preexisting conditions, plaintiff was required to come forward with "objective medical evidence distinguishing his preexisting condition[s] from the injuries claimed to have been caused by this accident" (Thomas v Ku, 112 AD3d 1200, 1201 [2013] [internal quotation marks, citations and brackets omitted]; see Pommells v Perez, 4 NY3d 566, 580 [2005]; Russell v Cornell Univ., 110 AD3d 1236, 1237 [2013]). In opposition to the motion, plaintiff submitted the report of Farag Aboelsaad, a physician who performed an independent medical examination upon plaintiff and reviewed his medical records. Although Aboelsaad concluded that plaintiff's preexisting neck and lower back pain were exacerbated by the April 2010 accident,[1] he failed to set forth "objective evidence differentiating plaintiff's condition prior to the [April 2010] accident from [his] condition after the

---

[1] Aboelsaad declined to comment on plaintiff's shoulder problems and neuropsychological issues, noting that he would "leave that for the specialists."

[April 2010] accident or distinguishing the injury allegedly sustained in that accident from the preexisting injuries" (Russell v Cornell Univ., 110 AD3d at 1238; see Anderson v Capital Dist. Transp. Auth., 74 AD3d 1616, 1617 [2010], lv denied 15 NY3d 709 [2010]; Falkner v Hand, 61 AD3d 1153, 1154 [2009]; Coston v McGray, 49 AD3d 934, 935 [2008]).  With respect to his alleged psychological injuries, plaintiff proffered the unsworn report of a psychologist who opined that his psychological status has "deteriorated significantly" since the April 2010 accident. As this report was unsworn, it is of no probative value in opposing the motion (see Autiello v Cummins, 66 AD3d 1072, 1074 [2009]; Lentini v Page, 5 AD3d 914, 916 [2004]; Anderson v Persell, 272 AD2d 733, 734 [2000]).[2]  Accordingly, plaintiff failed to raise an issue of fact sufficient to withstand summary judgment and the complaint was properly dismissed.

Stein, Garry, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2] In any event, such report fails to set forth an adequate assessment of how plaintiff's psychological condition is causally related to the subject accident (see Clark v Basco, 83 AD3d 1136, 1139 [2011]; Bissonette v Compo, 307 AD2d 673, 674 [2003]; Kristel v Mitchell, 270 AD2d 598, 599 [2000]).