Vanalstyne v Gordon (2020 NY Slip Op 00994)





Vanalstyne v Gordon


2020 NY Slip Op 00994


Decided on February 13, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 13, 2020

527581

[*1]Melodie G. Vanalstyne, Appellant- Respondent,
v
Marlene M. Gordon, as Administrator of the Estate of Douglas S. Gordon, Deceased, et al., Respondents- Appellants.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


William Mattar, PC, Rochester (Matthew J. Kaiser of counsel), for appellant-respondent.
McCabe, Collins, McGeogh, Fowler, Levine & Nogan, LLP, Carle Place (Mark P. Donohue of counsel), for respondents-appellants.



Pritzker, J.
Cross appeals from an order of the Supreme Court (Kramer, J.), entered August 30, 2018 in Schenectady County, which, among other things, partially granted defendants' motion for summary judgment dismissing the complaint.
On August 29, 2014, plaintiff was the driver of a motor vehicle that was rear-ended by a motor vehicle driven by Douglas S. Gordon [FN1] and owned by defendant David R. Gordon. Plaintiff thereafter commenced this action alleging that she suffered a serious injury within the meaning of Insurance Law § 5102 (d). In the bill of particulars, plaintiff claimed a serious injury under the permanent consequential limitation of use, significant limitation of use and 90/180-day categories. Following joinder of issue, defendants moved for summary judgment dismissing the complaint, alleging that plaintiff did not suffer a serious injury. Plaintiff opposed defendants' motion and cross-moved for summary judgment. Supreme Court denied plaintiff's cross motion in its entirety, partially granted defendants' motion under the 90/180-day category and denied defendants' motion as to the other two categories. Plaintiff appeals and defendants cross-appeal. We affirm.
We are unpersuaded by defendants' contention that Supreme Court erred in denying their motion for summary judgment as to the permanent consequential limitation of use and significant limitation of use categories. When a defendant moves for summary judgment within the context of Insurance Law § 5102 (d), he or she bears "the initial burden of establishing with competent medical evidence that [the plaintiff] did not suffer a serious injury as a result of the accident" (Moat v Kizale, 149 AD3d 1308, 1310 [2017] [internal quotation marks and citations omitted]). "Whether a limitation of use or function is significant or consequential (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002] [internal quotation marks, brackets and citation omitted]).
In support of their motion for summary judgment, defendants submitted, among other things, plaintiff's deposition, as well as voluminous medical records. Inasmuch as these medical records produced evidence of plaintiff's normal range of motion following the accident, defendants met their prima facie burden of establishing that plaintiff did not suffer a serious injury, as to these categories, as a result of the accident (see Womack v Wilhelm, 96 AD3d 1308, 1310 [2012]). Plaintiff then met her shifted burden by submitting "quantitative evidence with respect to diminished range of motion" following the accident (Altieri v Liccardi, 163 AD3d 1254, 1255 [2018] [internal quotation marks and citation omitted]; see Toure v Avis Rent A Car Sys., 98 NY2d at 353). Specifically, plaintiff submitted, among other things, an affidavit from her treating chiropractor, wherein he stated that he examined plaintiff in September 2014 and measured plaintiff's lumbar range of motion using a goniometer instrument. The affidavit detailed the specific measurements as to certain ranges of motion, all of which were below the normal range of motion. The affidavit also revealed that the chiropractor performed the same test one month later, finding ranges of motion still below normal. Viewing this evidence in the light most favorable to plaintiff, we find that a triable issue of fact exists as to whether plaintiff sustained a serious injury under the permanent consequential and significant limitation of use categories (see Altieri v Liccardi, 163 AD3d at 1256).
We are similarly unpersuaded by defendants' additional argument that Supreme Court erred in denying their motion for summary judgment because plaintiff's injuries were attributable to a preexisting condition rather than the motor vehicle accident. Because defendants' submissions established "a documented history of extensive preexisting conditions and injuries that have produced the same types of symptoms that plaintiff now attributes to the subject accident" (Dudley v Imbesi, 121 AD3d 1461, 1462 [2014]), defendants made a prima facie showing as to causation. The burden then shifted to plaintiff to produce "objective medical evidence distinguishing [her] preexisting condition[s] from the injuries claimed to have been caused by this accident" (id. [internal quotation marks and citations omitted]). Although defendants point to a change between two postaccident MRIs done in December 2014 and March 2015 as evidence that plaintiff's injury is not causally related to the accident, plaintiff's orthopedic surgeon submitted an affirmation opining that the finding of a new, lateral disc extrusion in the March 2015 MRI was consistent with the December 2014 MRI. He also opined that the new finding is causally related to plaintiff's accident and was an "expected consequence" of the finding identified in the earlier MRI. The same surgeon noted in a medical record that, although plaintiff had some issues with left hip pain in the past, the symptoms in plaintiff's right leg were new. This surgeon also affirmed that plaintiff underwent spinal surgery in October 2015 and that it was his opinion that plaintiff "endured an acute injury to her lumbar spine as a result of the August 29, 2014 motor vehicle collision." Accordingly, plaintiff raised an issue of fact sufficient to withstand summary judgment as to the issue of causation (see Moat v Kizale, 149 AD3d at 1314-1315; compare Dudley v Imbesi, 121 AD3d at 1463).
We turn now to plaintiff's contention that Supreme Court erred in granting defendants' motion for summary judgment as to her claim under the 90/180-category. We disagree. Defendants' submissions, which included all of plaintiff's medical records and deposition testimony,[FN2] satisfied their initial burden of "establishing 'that plaintiff was not prevented from performing substantially all of the material acts which constitute [her] usual and customary daily activities for at least 90 of the 180 days immediately following the [2014] accident'" (Eason v Blacker, 155 AD3d 1180, 1182 [2017], quoting Womack v Wilhelm, 96 AD3d at 1310). Specifically, plaintiff's deposition testimony and medical records demonstrate that, with the exception of, at most, a six-week period of time, plaintiff continued to work during the relevant time period and that, when plaintiff returned to work, she did so without limitations (see Eason v Blacker, 155 AD3d at 1182; Clausi v Hall, 127 AD3d 1324, 1325 [2015]). In opposition, plaintiff failed to raise a triable issue of fact. Although plaintiff testified that she was unable to perform her typical household duties during the 180-day period after her accident, she failed to "provide objective medical evidence to support [her] self-serving assertions" (Shea v Ives, 137 AD3d 1404, 1406 [2016]; Clausi v Hall, 127 AD3d at 1327). Therefore, the record fails to disclose any triable issue of fact regarding plaintiff's claim under the 90/180-day category (see Altieri v Liccardi, 163 AD3d at 1256). Based upon our determination, Supreme Court properly denied plaintiff's cross motion for summary judgment.
Egan Jr., J.P., Lynch and Clark, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: During the pendency of this appeal, Douglas S. Gordon, a named defendant, died and Marlene M. Gordon, the administrator of his estate, was substituted as a defendant. However, the use of "defendants" herein refers to Douglas S. Gordon and David R. Gordon.

Footnote 2: Although defendants also proffered an independent medical examination report by physician Sheldon Stanton, we did not find this report to be probative and have not considered it when determining whether defendants met their prima facie burden.