Fry v Doyle (2024 NY Slip Op 02428)

Fry v Doyle

2024 NY Slip Op 02428

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, DELCONTE, AND KEANE, JJ.

223 CA 23-00136

[*1]LINDA A. FRY, PLAINTIFF-APPELLANT,
v
KRISTINA A. DOYLE, DEFENDANT-RESPONDENT. 

LEWIS & LEWIS, P.C., BUFFALO (ADAM DELLEBOVI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF VICTOR M. WRIGHT, EDMESTON (RACHEL A. EMMINGER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered January 11, 2023. The order, insofar as appealed from, granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained in an automobile accident with defendant. As relevant here, plaintiff asserted that, as a result of the accident, she suffered posttraumatic stress disorder (PTSD), which she alleged constituted a serious injury within the meaning of Insurance Law § 5102 (d) under the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories. She further alleged that she incurred economic loss in excess of basic economic loss (BEL). Plaintiff appeals from an order that, inter alia, granted defendant's motion for summary judgment dismissing the complaint. We affirm.
We conclude that, contrary to plaintiff's contention, Supreme Court properly granted the motion with respect to the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories based on her PTSD inasmuch as defendant met her initial burden of establishing that plaintiff's PTSD was not causally related to the accident but instead was related to preexisting conditions (see Pommells v Perez, 4 NY3d 566, 573-574 [2005]; Dudley v Imbesi, 121 AD3d 1461, 1461-1462 [3d Dept 2014]). Furthermore, we conclude that plaintiff's submissions in opposition to the motion "did not adequately address how plaintiff's current [PTSD], in light of [plaintiff's] past medical history, [is] causally related to the accident" (Kwitek v Seier, 105 AD3d 1419, 1421 [4th Dept 2013] [internal quotation marks omitted]; see Smith v State Farm Mut. Auto. Ins. Co., 176 AD3d 1608, 1610 [4th Dept 2019]).
We also reject plaintiff's contention that the court erred in granting the motion with respect to her BEL claim. Although a claim for economic loss does not require the plaintiff to have sustained a serious injury (see generally Montgomery v Daniels, 38 NY2d 41, 47-48 [1975]; Colvin v Slawoniewski, 15 AD3d 900, 900 [4th Dept 2005]; Barnes v Kociszewski, 4 AD3d 824, 825 [4th Dept 2004]), defendant met her initial burden by establishing that plaintiff did not sustain any injury that was causally related to the accident, and plaintiff failed to raise a triable issue of fact with respect to the BEL claim (see Hartman-Jweid v Overbaugh, 70 AD3d 1399, 1400-1401 [4th Dept 2010]; see also Sywak v Grande, 217 AD3d 1382, 1385 [4th Dept 2023]).
In light of our conclusion, plaintiff's remaining contention is academic.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court