Stein, J.
Appeal from an order of the Supreme Court (Kramer, J.), entered March 25, 2011 in Schenectady County, which granted defendants’ motion for summary judgment dismissing the complaint.
Plaintiff commenced this action, alleging that, as a result of a *1309 motor vehicle accident on October 5, 2007, she suffered a serious injury to her cervical, thoracic and lumbar spine under the significant limitation of use and 90/180-day categories of Insurance Law § 5102 (d).[1] In her bill of particulars, plaintiff alleged that her injuries included bulging discs and disc protrusions, as well as numbness and swelling of her hands and sprains of her neck, back and left wrist. She further alleged that her symptoms worsened after she was involved in a second, unrelated motor vehicle accident in October 2009. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury. Supreme Court granted defendants’ motion in its entirety. On plaintiffs appeal, we affirm.
As the proponent of the summary judgment motion, defendants had the threshold burden to establish, by competent medical evidence, that plaintiff did not suffer a serious injury causally related to the 2007 accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Peterson v Cellery, 93 AD3d 911, 912 [2012]). To that end, defendants submitted plaintiffs deposition testimony and the affirmed report of Joseph Elfenbein, an orthopedic surgeon who reviewed plaintiffs medical records and performed an independent medical examination of plaintiff in April 2010. Defendants also submitted various unsworn records of plaintiffs treating and consulting physicians and her emergency room records, all of which are “documents upon which defendant^] may properly rely to make [a] prima facie showing of entitlement to judgment as a matter of law” (Tuna v Babendererde, 32 AD3d 574, 575 [2006]; see McElroy v Sivasubramaniam, 305 AD2d 944, 945 [2003]; Seymour v Roe, 301 AD2d 991, 991-992 [2003]).
Defendants’ proof established that, six days after the 2007 accident, plaintiff sought medical care at an emergency room complaining of pain in her wrist, neck and lower back. An X ray of plaintiffs wrist revealed no fracture, and she was diagnosed with a neck and back strain and a sprained wrist, prescribed Flexeril and Motrin, and released with the instruction that she follow up with her doctor. Based upon his review of plaintiffs medical records and his physical examination of plaintiff — which indicated a full range of motion of her cervical and lumbar spine — Elfenbein concluded that, while plaintiff may have suf *1310 fered strains of the cervical and lumbar spine and a sprained wrist, they were resolved and there was no objective medical evidence demonstrating that plaintiffs injuries caused a significant limitation of the use of her spine or of any orthopedic disability. Thus, defendants submitted sufficient evidence to satisfy their initial burden under the significant limitation category (see Peterson v Cellery, 93 AD3d at 913; Howard v Espinosa, 70 AD3d 1091, 1092 [2010]; Tuna v Babendererde, 32 AD3d at 575-576).
Defendants’ submissions also satisfied their initial burden of demonstrating that plaintiff was not ‘ ‘prevent [ed] . . . from performing substantially all of the material acts which constitute [her] usual and customary daily activities” for at least 90 of the 180 days immediately following the 2007 accident (Insurance Law § 5102 [d]; see Crawford-Reese v Woodard, 95 AD3d 1418, 1419 [2012]). In her deposition, plaintiff testified that sitting for long periods of time exacerbated the pain in her lower back, causing numbness and tingling, and that she experienced pain and discomfort while engaging in certain activities at work as a home health aide between February and August 2008. She testified that her injuries limited her daily activities for a couple of months, but did not allege that she was unable to perform her work duties — such as vacuuming, sweeping, cleaning or assisting clients with getting dressed — at any point in time.
Accordingly, the burden shifted to plaintiff to raise a triable issue of fact as to both the significant limitation and 90/180-day categories (see Toure v Avis Rent A Car Sys., 98 NY2d at 353; Krivit v Pitula, 79 AD3d 1432, 1433 [2010]). To establish a claim under the significant limitation category of serious injury, “the medical evidence submitted by plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff’s present limitations to the normal function, purpose and use of the affected body organ, member, function or system” (John v Engel, 2 AD3d 1027, 1029 [2003]; see Toure v Avis Rent A Car Sys., 98 NY2d at 353; Peterson v Cellery, 93 AD3d at 913).
Here, plaintiff failed to submit an affidavit of a medical expert, instead relying on, among other things, her own affidavit, results from a December 2008 MRI and an unsworn report by her treating physician, Alan Bloomberg, from January 2009.[2] Cumulatively, plaintiff’s submissions documented mild spinal *1311 narrowing and “[m]ild disc degenerative change” in her cervical spine, including bulging discs, as well as a diminished range of motion in her cervical spine. Absent from the documents relied upon by plaintiff was any competent medical evidence based on objective medical tests that causally related plaintiff s alleged limitations to the October 2007 accident (see John v Engel, 2 AD3d at 1029). Furthermore, while the reports on which plaintiff relied document a diminished range of motion, they “provided no qualitative or quantitative assessment of this limitation [to] support a conclusion that it was . . . significant” (Felton v Kelly, 44 AD3d 1217, 1219 [2007]; see Howard v Espinosa, 70 AD3d at 1093), as opposed to mild, minor or slight (see Pugh v DeSantis, 37 AD3d 1026, 1029 [2007]). In addition, the unsworn report of a June 2010 reevaluation by Bloomberg proffered by plaintiff is of no probative value, as it was not submitted or relied upon in support of defendants’ motion (see Caulkins v Vicinanzo, 71 AD3d at 1226). In any event, such report does not raise a material issue of fact with respect to plaintiffs claim of serious injury as it relates to the 2007 accident insofar as it only reflects data subsequent to the 2009 accident which, by plaintiffs own testimony, exacerbated her alleged symptoms.
With respect to her claim under the 90/180-day category, plaintiff failed to submit any “objective evidence linking the alleged curtailment of her activities following the accident to an injury sustained in the accident” (Clark v Basco, 83 AB3d 1136, 1139-1140 [2011]). Notably, none of plaintiffs medical records from within the initial 180-day period following the accident referenced any limitations on her usual daily activities (see Henry v Sorge, 90 AD3d 1355, 1357 [2011]; Dongelewic v Marcus, 6 AD3d 943, 945 [2004]). Thus, even viewing the evidence in the light most favorable to plaintiff, she failed to raise a triable issue of fact concerning whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the 2007 accident, and Supreme Court properly granted defendants’ motion for summary judgment dismissing the complaint (see Mahar v Bartnick, 91 AD3d 1163, 1165-1166 [2012]).
Mercure, J.P., Rose, Garry and Egan Jr., JJ, concur. Ordered that the order is affirmed, with costs.

. Although plaintiff also alleged a serious injury under the permanent loss and permanent consequential limitation of use categories, she has not addressed these categories in her appellate brief. Accordingly, we deem such claims to be abandoned (see Sferra v McGregor, 69 AD3d 1200, 1202 n [2010]; Brandt-Miller v McArdle, 21 AD3d 1152, 1153 n 2 [2005]).

. While, ordinarily, uncertified medical records and unsworn reports “ ‘are of no probative value’ in opposing a summary judgment motion,” because defendants offered plaintiffs uncertified medical records in support of their motion for summary judgment, and to the extent that Elfenbein relied *1311 on such records in his affirmed report, plaintiff is also entitled to rely on them (Caulkins v Vicinanzo, 71 AD3d 1224, 1226 [2010], quoting Parmisani v Grasso, 218 AD2d 870, 872 [1995]; see Pietrocola v Battibulli, 238 AD2d 864, 866 n [1997]).