*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    519609
_____

PATRICIA M. CLAUSI,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

PATRICIA A. HALL et al.,
                    Respondents.
_____

Calendar Date:  February 19, 2015

Before:  Peters, P.J., Rose, Clark and Devine, JJ.

                    _____

        Law Office of David J. Clegg, Kingston (David J. Clegg of
counsel), for appellant.

        Law Office of Craig P. Curcio, Middletown (Tony Seimdey of
counsel), for respondents.

                    _____

Peters, P.J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered November 5, 2013 in Ulster County, which granted
defendants' motion for summary judgment dismissing the compliant.

        Plaintiff commenced this action alleging that she sustained
a serious injury under the significant limitation of use and
90/180-day categories of Insurance Law § 5102 (d) as a result of
a July 2007 motor vehicle accident.  In her bill of particulars,
plaintiff claimed that she suffered from, among other things,
radiculopathy, disc bulges and disc herniations in her lumbar
spine, numbness and tingling in her lower extremities and an
aggravation of a preexisting degenerative disc disease.
Following joinder of issue and discovery, defendants moved for
summary judgment dismissing the complaint on the ground that

plaintiff did not suffer a causally related serious injury.
Supreme Court granted the motion, and plaintiff now appeals.

Defendants, as the proponents of the summary judgment
motion, bore the initial burden of establishing by competent
medical evidence that plaintiff did not suffer a serious injury
as a result of the subject accident (see Toure v Avis Rent A Car
Sys., 98 NY2d 345, 352 [2002]; Shelley v McCutcheon, 121 AD3d
1243, 1244 [2014]; Raucci v Hester, 119 AD3d 1044, 1044 [2014]).
In support, defendants proffered, among other things, plaintiff's
deposition testimony and the affirmed reports of orthopedic
surgeon Harvey Siegel and neurologist Ira Neustadt, both of whom
reviewed plaintiff's medical records and performed an independent
medical examination of her in 2013.  Siegel concluded that, other
than a strain or sprain of the lumber spine that has since
resolved, no objective medical evidence existed establishing that
plaintiff's injuries were caused by the subject accident.
Rather, he opined that the injuries depicted in the postaccident
MRIs, as well as the positive findings he documented upon
examination, were the result of preexisting and previously
symptomatic degenerative changes in plaintiff's spine, which he
found to be responsible for her "mild disability."  To that end,
Siegel noted that plaintiff's medical records reveal that she had
complained of lower back pain on two prior occasions, including
approximately six months prior to the accident.  Neustadt
likewise opined that the MRI findings revealed evidence of
preexisting degenerative disc disease, and he found no objective
evidence of any neurological disability or residual effects from
the accident.  Further, with regard to the claim under the
90/180-day category, defendants relied upon plaintiff's
deposition testimony that she missed only four days of work
following the accident, as well as the lack of evidence that
medical providers placed any significant restrictions on her
daily activities within the 180-day period following the
accident.  This proof was sufficient to shift the burden to
plaintiff to set forth competent medical evidence to support her
claim of serious injury and connect the condition to the accident
(see Putnam v Sysco Corp., 101 AD3d 1571, 1572-1573 [2012];
Flottemesch v Contreras, 100 AD3d 1227, 1228 [2012]).

In opposition, plaintiff submitted the affirmation of her primary care physician, Eugene Heslin, with whom plaintiff treated both prior to and following the accident.  Heslin detailed his review of the reports of the MRIs taken following plaintiff's accident, which revealed a broad-based intraforaminal disc bulge, foraminal stenosis and nerve root compression, as well as EMG study reports indicating radiculopathy with nerve root denervation.[1]  Heslin's affirmation set forth plaintiff's symptoms, in qualitative terms, based upon his examinations shortly after the accident, and also provided objective, quantitative evidence of plaintiff's limitations based upon recent tests (see Perl v Meher, 18 NY3d 208, 217-218 [2011]).  In that regard, Heslin detailed specific range of motion deficits in plaintiff's lumbar spine and observable muscle spasms, as well as findings of weakness of her right ankle and toe dorsiflexion that were consistent with the EMG findings and which had been first documented shortly after the accident.  On the issue of causation, Heslin disputed the claim that plaintiff's degenerative disc condition – which he opined was asymptotic at the time of the accident – was the sole cause of her injury. Heslin noted that, although plaintiff had complained of radiating lower back pain on two prior occasions,[2] on both such instances plaintiff's pain resolved within a short period through the use of anti-inflammatory medications.  Given the objective findings with regard to plaintiff's lumbar spine and the sudden onset of her symptoms immediately following the accident – which were different in both nature and degree from those she experienced

---

[1]  While Heslin's affirmation was partly based upon unsworn EMG and MRI reports, inasmuch as Siegel discussed and relied upon those same unsworn reports in his affirmed report, Heslin was also entitled to rely upon them (see Womack v Wilhelm, 96 AD3d 1308, 1311 n 2 [2012]; Caulkins v Vicinanzo, 71 AD3d 1224, 1226 [2010]).

[2]  The first occasion was almost seven years prior to the accident, when plaintiff reported lower back pain that radiated into her legs after lifting a mattress.  The second instance was approximately seven months before the accident, when plaintiff reported similar symptoms after picking up a pail of water.

prior to the accident – Heslin opined that the trauma of the accident aggravated plaintiff's preexisting degenerative disc disease and contributed to her current condition.

Viewed in the light most favorable to plaintiff (see Gronski v County of Monroe, 18 NY3d 374, 381 [2011]), this evidence was sufficient to raise a triable issue of fact as to whether plaintiff suffered a significant limitation of use of her lumbar spine as a result of the accident. Contrary to Supreme Court's conclusion, we do not find Heslin's affirmation to be speculative on the issue of causation. Rather, his opinion, based upon objective medical findings of her current injury and rendered after specifically considering the effects of her preexisting condition, adequately attributed plaintiff's injuries to the accident (see Perl v Meher, 18 NY3d at 218-219; Raucci v Hester, 119 AD3d at 1046; Putnam v Sysco Corp., 101 AD3d at 1573; Lipscomb v Cohen, 93 AD3d 1059, 1061 [2012]; MacMillan v Cleveland, 82 AD3d 1388, 1390 [2011]). Further, plaintiff adequately addressed a gap in treatment by submitting an affidavit asserting that she stopped treatment for approximately 15 months because she could not afford to bear the cost after her no-fault benefits expired (see Young Kyu Kim v Gomez, 105 AD3d 415, 415 [2013]; Lipscomb v Cohen, 93 AD3d at 1061; Garza v Taravella, 74 AD3d 1802, 1803 [2010]; see generally Pommells v Perez, 4 NY3d 566, 574, 577 [2005]). Accordingly, dismissal of plaintiff's claim under the significant limitation of use category was not warranted.

We reach a different conclusion, however, with respect to the 90/180-category. As noted, none of plaintiff's medical records from within the initial 180-day period following the accident referenced any limitations on her usual daily activities and, absent any objective medical evidence to substantiate her claims, plaintiff's self-serving assertions that she was unable to perform substantially all of her regular activities for the required period of time are insufficient to raise a question of fact (see Cole v Roberts-Bonville, 99 AD3d 1145, 1148 [2012]; Crawford-Reese v Woodard, 95 AD3d 1418, 1420 [2012]; Licygiewicz v Stearns, 61 AD3d 1254, 1255 [2009]; Clements v Lasher, 15 AD3d 712, 713-714 [2005]).

Rose, Clark and Devine, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing that part of the complaint alleging that plaintiff suffered a serious injury in the significant limitation of use category; motion denied to that extent; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court