## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 12, 2015                    520422
_____

BRYANDE A. MURRAY,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

HELDERBERG AMBULANCE SQUAD,
    INC.,
                        Respondent.
_____

Calendar Date:  September 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Devine and Clark, JJ.

                        _____


        Feeney, Centi & Mackey, Albany (Dennis A. Feeney of
counsel), for appellant.

        Hannigan Law Firm, PLLC, Albany (Timothy C. Hannigan of
counsel), for respondent.

                        _____


Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Walsh, J.),
entered October 14, 2014 in Albany County, which, among other
things, granted defendant's motion for summary judgment
dismissing the complaint.

        Plaintiff commenced this action alleging that she sustained
a serious injury within the meaning of Insurance Law § 5102 (d)
when an ambulance owned by defendant, which was operating under a
nonemergency situation, ran into the rear of her vehicle at a low
speed as she attempted to enter a traffic circle in November
2009.  She contends that she suffered, among other things, pain
in her left shoulder and neck, which was eventually diagnosed as
thoracic outlet syndrome.  Following discovery, defendant moved

for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment on the issue of liability. Supreme Court granted defendant's motion and denied plaintiff's cross motion.  The court noted, among other things, that plaintiff did not seek treatment for her purported injuries for more than 11 months and her expert failed to discuss or distinguish her relevant preaccident and postaccident incidents and injuries.  Plaintiff appeals.

Defendant met its initial burden of establishing with competent medical evidence that plaintiff did not suffer a serious injury as a result of the accident (see Shelley v McCutcheon, 121 AD3d 1243, 1244-1245 [2014]; Bowen v Saratoga Springs City School Dist., 88 AD3d 1144, 1145 [2011]).  In support of the motion, defendant offered, among other things, plaintiff's deposition testimony, many of her medical records and the affirmation of Daniel Silverman, a neurologist who examined plaintiff and reviewed her medical history.  Plaintiff had sought treatment about a year before the accident for soreness in her left shoulder.  Following the accident, she continued her normal active lifestyle for about a year until November 2010, when she visited a doctor with complaints of pain in her left shoulder, and such visit occurred shortly after a separate incident in October 2010 where she injured her left arm attempting to move a 25-pound box.  A second postaccident incident occurred in March 2011, when a snowboarder collided with her causing her to fall on her left side and sustain shoulder pain and numbness.  In a detailed report, Silverman opined that there was no objective medical evidence indicating that the November 2009 accident caused plaintiff to develop thoracic outlet syndrome.  He explained that the timing of the October 2010 incident with the accompanying onset of complaints of pain by November 2010, together with the exacerbating incident of March 2011, revealed that such incidents caused the onset of plaintiff's condition. He further stated that his opinion regarding a lack of causation was supported by the fact that there was nearly a one-year delay from the accident to plaintiff seeking treatment for her subjective complaints of pain.

In opposition to defendant's motion, plaintiff's proof

included a brief affirmation from Benjamin Chang, a general and vascular surgeon who began treating her two years after the accident and who diagnosed thoracic outlet syndrome for which he later performed two surgeries.  Chang opined that plaintiff's thoracic outlet syndrome resulted from the November 2009 motor vehicle accident.  However, he did not address plaintiff's preaccident left shoulder problems or the impact of the two postaccident incidents in which she injured her left shoulder and/or neck.  The November 2009 accident was not distinguished from or put in medical context with the other relevant injuries, and Chang's opinion regarding causation rested upon plaintiff's subjective complaints.  Upon this record, we agree with Supreme Court that plaintiff failed to establish a triable issue of fact regarding a serious injury caused by the motor vehicle accident (see Dudley v Imbesi, 121 AD3d 1461, 1462 [2014]; Thomas v Ku, 112 AD3d 1200, 1201 [2013]; Russell v Cornell Univ., 110 AD3d 1236, 1237-1238 [2013]).  The remaining arguments are academic or without merit.

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court