*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                521579
_____

MARSHA J. SHEA et al.,
                    Appellants,
          v                                MEMORANDUM AND ORDER

STEVEN C. IVES et al.,
                    Respondents.
_____

Calendar Date:  January 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Tabner, Ryan & Keniry, LLP, Albany (Thomas R. Fallati of
counsel), for appellants.

        Law Office of Theresa J. Puleo, Albany (Shannon K.
Starowicz of counsel), for respondents.

_____

McCarthy, J.P.

        Appeal from an order and judgment of the Supreme Court
(Ferreira, J.), entered June 9, 2015 in Albany County, which
granted defendants' motion for summary judgment dismissing the
complaint.

        Plaintiff Marsha J. Shea and defendant Stephen C. Ives were
involved in a car accident.  Shea and her husband, derivatively,
brought this negligence action against defendants, alleging that
Shea sustained serious injuries to her right knee, left hip,
back, neck and left ear as a result of the accident and economic
loss greater than basic economic loss.  Supreme Court thereafter
granted defendants' motion for summary judgment and dismissed the
complaint.  Plaintiffs appeal and argue that summary judgment was
improper in regard to Shea's knee injury.  We affirm.

Turning first to the permanent consequential limitation and significant limitation statutory categories (see Insurance Law § 5102 [d]), "'[w]hether a limitation of use or function is significant or consequential' (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part'" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], quoting Dufel v Green, 84 NY2d 795, 798 [1995]).  An orthopedic surgeon averred that, based on multiple observations, including that Shea could bend her knee beyond 90 degrees, the knee was "objectively normal."  This proof satisfied defendants' burden by establishing that there was no comparative loss of the normal function, purpose and use of Shea's knee.  Plaintiffs failed to raise a triable issue of fact.  Plaintiffs' medical proof, an affidavit from an orthopedist, did not provide a quantitative or qualitative comparison of Shea's knee to the normal function, purpose and use of a knee (see Howard v Espinosa, 70 AD3d 1091, 1094 [2010]; Felton v Kelly, 44 AD3d 1217, 1219 [2007]).

Defendants also established, in regard to the aforementioned statutory categories, that summary judgment was appropriate based on causation.  Once a defendant provides evidence establishing a preexisting condition, a plaintiff must provide "'objective medical evidence distinguishing [a] preexisting condition from the injuries claimed to have been caused by the [instant] accident'" (Thomas v Ku, 112 AD3d 1200, 1201 [2013], quoting Falkner v Hand, 61 AD3d 1153, 1154-1155 [2009]).  Defendants put forward proof establishing a preexisting degenerative knee condition based on, among other things, Shea's reports — some made years prior to the accident — of pain in her right knee and a radiologist's opinion that Shea suffered from a preexisting degenerative arthritic condition, affecting her right knee, that was unrelated to the accident.  Although plaintiffs' submissions included the opinion of the orthopedist who opined that the accident caused the present knee problems, the orthopedist provided no factual explanation distinguishing Shea's preexisting knee condition (see Thomas v Ku, 112 AD3d at 1201; Falkner v Hand, 61 AD3d at 1155).

Finally, summary judgment was properly granted in regard to

the 90/180-day category of serious injury.  Treatment records from after the accident reveal that Shea was discharged from the hospital on the day of the accident with instructions to take Tylenol.  Shea's treatment records following the accident do not impose any restrictions on work or other activities.  Shea's physical therapy evaluations reflect that, within approximately two months of the accident, Shea reported playing golf.  This evidence satisfied defendants' prima facie burden.  Given that Shea was unable to provide objective medical evidence to support her self-serving assertions that she was "prevented from performing substantially all of the material acts that constituted [her] usual and customary daily activities" for the relevant period, plaintiffs' submissions failed to raise a question of fact regarding the 90/180-day category (Amamedi v Archibala, 70 AD3d 449, 450 [2010], lv denied 15 NY3d 713 [2010]; see Clausi v Hall, 127 AD3d 1324, 1327 [2015]).  Accordingly, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.

Garry, Lynch, Devine and Clark, JJ., concur.

ORDERED that the order and judgment is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court