*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 23, 2017                    523457
_____

HOWARD F. JONES et al.,
                    Appellants,
        v                                        MEMORANDUM AND ORDER

MERRICK M. MARSHALL et al.,
                    Respondents.
_____

Calendar Date:  January 9, 2017

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

                    _____


        Joyce & Holbrook Law Firm, Sherburne (Samantha M. Holbrook of counsel), for appellants.

        Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Karen J. Krogman Daum of counsel), for respondents.

                    _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Cerio Jr., J.), entered December 8, 2015 in Madison County, which granted defendants' motion for summary judgment dismissing the complaint.

        Plaintiff Howard F. Jones and his spouse, derivatively, commenced this action seeking to recover for injuries that Jones allegedly sustained on April 1, 2011 when the pick-up truck that he was operating was rear-ended by a van driven by defendant Merrick M. Marshall and owned by defendant Crane Commercial Services Inc.  Specifically, plaintiffs alleged that, as a result of the collision, Jones suffered a serious injury within the meaning of Insurance Law § 5102 (d) and incurred an economic loss in excess of basic economic loss as that term is defined in Insurance Law § 5102 (a).  Following joinder of issue and

discovery, defendants moved for summary judgment dismissing the complaint, contending that Jones did not suffer a serious injury under any of the enumerated categories set forth in the statute. Plaintiffs opposed the motion, arguing that — at the very least — the record presented questions of fact in this regard. Supreme Court granted defendants' motion and dismissed the complaint in its entirety, including plaintiffs' economic loss claim. Plaintiffs now appeal.

Insofar as is relevant here, a serious injury includes "a fracture; . . . permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]).  When a plaintiff relies upon the permanent consequential limitation and/or significant limitation of use categories, such claims must be grounded upon "objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing [the] plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (Raucci v Hester, 119 AD3d 1044, 1045-1046 [2014] [internal quotation marks and citations omitted]; accord Davis v Cottrell, 101 AD3d 1300, 1301 [2012]).  Additionally, "a plaintiff must demonstrate that the limitation of use that he or she sustained was more than mild, minor or slight" (DeHaas v Kathan, 100 AD3d 1057, 1058 [2012]).  Similar objective evidence, such as medically imposed limitations upon daily activities, must support a plaintiff's claim under the 90/180-day category; self-serving assertions in this regard will not suffice (see Clausi v Hall, 127 AD3d 1324, 1327 [2015]; see also Shea v Ives, 137 AD3d 1404, 1406 [2016]).

As the proponent of the motion for summary judgment, defendants bore the "initial burden of establishing with competent medical evidence that [Jones] did not suffer a serious injury as a result of the accident" (Murray v Helderberg Ambulance Squad, Inc., 133 AD3d 1001, 1001 [2015]; see St. Clair

v Giroux, 132 AD3d 1199, 1199 [2015]; Clausi v Hall, 127 AD3d at 1325). Based upon our review of the record as a whole, we are satisfied that defendants tendered sufficient admissible evidence – including Jones' medical records and imaging studies, his examination before trial testimony and the affidavit of defendants' expert, David Hootnick – to meet their threshold burden of establishing that Jones did not sustain a serious injury within the meaning of each of the previously enumerated categories. We are equally satisfied that, in opposition to defendants' motion, plaintiffs failed to come forward with sufficient admissible proof to raise a question of fact as to their permanent consequential limitation and/or significant limitation of use claims. Without belaboring the point, suffice it to say that plaintiffs' proof in opposition, including Jones' medical records and the affidavit tendered by Thomas McCormack (one of Jones' treating physicians), did not contain the quantitative or qualitative proof necessary to raise a question of fact as to whether Jones had sustained a serious injury under these two categories. We reach a similar conclusion with respect to plaintiffs' 90/180-day claim, as proof of the medically imposed limitations upon or the degree to which Jones' daily and customary activities actually were curtailed prior to September 26, 2011 (when McCormack cleared Jones to return to work with specified limitations) is both sparse and conclusory. Accordingly, Supreme Court properly dismissed plaintiffs' serious injury claims based upon the permanent consequential limitation of use, significant limitation of use and 90/180-day categories.

As to the issue of whether Jones suffered a serious injury in the form of a fracture, the numerous radiological and MRI studies included in the record on appeal make clear that Jones did not suffer a fracture of his thoracic or lumbar spine as a result of the April 2011 accident, and neither plaintiffs nor their expert contend to the contrary. The record reflects, however, that there was some initial debate as to whether Jones fractured certain of his ribs – specifically, T2 and T6 on his right side and T6 on his left side – as a result of the accident. Hootnick, relying upon his review of the various imaging studies and his examination of Jones, insisted that there was no evidence that Jones had sustained any rib fractures. McCormack, on the other hand, opined that Jones had in fact fractured his ribs,

citing his examination of Jones and his corresponding review of certain imaging studies. While such conflicting medical opinions generally would present an issue of fact for the jury to resolve, we agree that McCormack's affidavit lacks evidentiary support and, therefore, is insufficient to defeat defendants' motion.

With respect to the various imaging studies, preliminary X rays of Jones' thoracic spine were deemed to be inconclusive as to the issue of a fracture due to the effect that Jones' weight had upon the quality of the films. Similarly, it does not appear that the numerous MRI studies conducted of Jones' thoracic and lumbar spine were geared toward ruling out the suspected rib fractures referenced during an April 13, 2011 office visit. Indeed, the office records from that visit bear the following notation relative to a then-recent MRI of Jones' thoracic spine: "[f]ocal areas of increased T2 signal are seen within multiple ribs, including the right 2nd rib, right 6th rib and left 6th rib, all posteriorly. MRI is not particularly sensitive for rib fractures but given the history of trauma[,] these could be fractures or contusions. Recommend bone scan to evaluate for rib fractures and also to evaluate the lesion at T10." Hence, the "no fracture" references contained within the various MRI studies are not dispositive of the rib contusion versus rib fracture debate.

That said, the record reflects that Jones underwent the recommended bone scan on April 21, 2011, which "[did] not reveal any fractures." Although McCormack's June 2011 office notes, as well as his affidavit tendered in opposition to defendants' motion for summary judgment, continued to reflect his belief that Jones indeed suffered certain rib fractures as the result of the accident, McCormack's affidavit makes no reference whatsoever to the results of the April 2011 bone scan. Rather, McCormack based his opinion that Jones sustained "rib fractures" solely upon "the MRI films of [Jones'] thoracic spine and lumbar spine." Inasmuch as McCormack's affidavit is silent as to the results and/or import of the April 2011 bone scan, which was specifically ordered to resolve the rib fracture issue and — ultimately — revealed no evidence of fracture, we agree that plaintiffs failed to tender sufficient admissible proof to raise a question of fact on this point. Accordingly, Supreme Court properly dismissed

plaintiffs' serious injury claim based upon a fracture.

We do, however, agree with plaintiffs that Supreme Court erred in dismissing their claim for economic loss in excess of basic economic loss. Although defendants' motion for summary judgment indeed sought dismissal of the complaint in its entirety, the underlying motion papers were confined to whether Jones had sustained a serious injury within the meaning of Insurance Law § 5102 (d) — not whether plaintiffs had a valid claim for economic loss in excess of basic economic loss as defined in Insurance Law § 5102 (a). Indeed, even after plaintiffs — in opposition to defendants' motion for summary judgment — tendered proof in support of this claim (including Jones' W-2 and earnings statements), defendants — in their reply — failed to refute the substance thereof. For this reason, we agree with plaintiffs that, having failed to move for summary judgment as to plaintiffs' economic loss claim, defendants were not procedurally entitled to such relief (see Martin v LaValley, 144 AD3d 1474, 1477 [2016]).

Moreover, even if we were to accept defendants' premise that they did in fact seek dismissal of this particular claim, we still would conclude that Supreme Court erred in granting such relief. Under New York's No-Fault Law, an injured party's right to bring a personal injury action for noneconomic losses, i.e., "pain and suffering" (Insurance Law § 5102 [c]), arising out of an automobile accident is limited to those instances where such individual has incurred a serious injury (see Insurance Law §§ 5102 [d]; 5104 [a]; Cividanes v City of New York, 95 AD3d 1, 5 [2012], affd 20 NY3d 925 [2012]). However, basic economic loss coverage (up to $50,000) is available to a covered person regardless of fault (see Insurance Law § 5102 [a]) and "includes payments . . . for items such as lost earnings of up to $2,000 per month for three years after the date of the accident" (Matter of Cruz v City of N.Y. Dept. of Children's Servs., 123 AD3d 1390, 1391 [2014], lv denied 26 NY3d 905 [2015], citing Insurance Law § 5102 [a] [2]). Where, as here, an injured party asserts a claim for economic loss in excess of basic economic loss, he or she need not demonstrate that a serious injury was sustained (see Martin v LaValley, 144 AD3d at 1477; Cook v Peterson, 137 AD3d 1594, 1599 [2016]; Clark v Farmers New Century Ins. Co., 117 AD3d

1208, 1209 [2014], <u>lv denied and dismissed</u> 24 NY3d 991 [2014]). Rather, all that is required is that such party demonstrate that his or her total economic loss actually exceeded basic economic loss (<u>compare</u> <u>Cook v Peterson</u>, 137 AD3d at 1599, <u>with</u> <u>Wilson v Colosimo</u>, 101 AD3d 1765, 1767 [2012]).  To our analysis, "plaintiff[s] made a sufficient showing that [Jones] sustained economic loss in excess of basic economic loss to warrant submission of the issue to [a] jury" (<u>Cook v Peterson</u>, 137 AD3d at 1599 [internal quotation marks and citation omitted]) and, therefore, Supreme Court should not have dismissed plaintiffs' claim in this regard.

McCarthy, J.P., Lynch, Clark and Mulvey, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing plaintiffs' claim for economic loss in excess of basic economic loss; motion denied to that extent; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court