Rumsey, J.
 

 Appeal from an order of the Supreme Court (Med-daugh, J.), entered May 20, 2016 in Sullivan County, which granted defendants’ motion for summary judgment dismissing the amended complaint.
 

 On January 10, 2013, plaintiff was a front-seat passenger in a vehicle owned and operated by defendant Alison Mary Miller when it was struck by a vehicle owned and operated by defendant April Neuman Blacker as Miller attempted to change lanes. Plaintiff subsequently commenced this action alleging that he sustained serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the accident.
 
 [1]
 
 After joinder of issue and completion of discovery, Blacker joined in Miller’s motion for summary judgment dismissing the amended complaint on the ground that plaintiff did not sustain a serious injury. Supreme Court granted defendants’ motion and plaintiff now appeals.
 

 In his bill of particulars, plaintiff asserted that he sustained injuries to his cervical and thoracic spine and right knee constituting serious injuries within the significant disfigurement, permanent consequential limitation of use, significant limitation of use and 90/180-day categories (see Insurance Law § 5102 [d]).
 
 [2]
 
 Defendants met their initial burden of establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting a transcript of plaintiff’s deposition, his medical records and the affirmation of Robert Hendler, an orthopedic surgeon who rendered his opinion based on a review of plaintiff’s medical records without conducting a physical examination of plaintiff (see D’Auria v Kent, 80 AD3d 956, 957-958 [2011]; see also Franchini v Palmieri, 1 NY3d 536, 537 [2003]).
 

 With respect to the claims that the injuries to plaintiff’s cervical and thoracic spine constituted serious injuries within the permanent consequential limitation and/or significant limitation of use categories, Hendler noted that plaintiff’s medical records, including images taken prior to the accident, showed preexisting degenerative changes to plaintiff’s cervical and thoracic spine for which plaintiff had received treatment. Hendler further noted that plaintiff’s medical records did not contain any objective diagnostic tests indicative of a herniated disc or radiculopathy in any portion of plaintiff’s spine. Accordingly, Hendler concluded that, although plaintiff may have suffered a mild cervical and thoracolumbar sprain, which would have resolved within 6 to 10 weeks, plaintiff sustained no permanent or significant injuries to his cervical or thoracic spine as a result of the accident, which was consistent with medical records of office visits on July 24, 2013 and August 28, 2013 reporting that plaintiff had a full range of motion in his neck.
 

 Hendler also concluded that plaintiff did not sustain any injury to his right knee as a result of the accident. With respect to plaintiff’s claim that he sustained a partially torn anterior cruciate ligament (hereinafter ACL), Hendler noted that, although an August 14, 2013 MRI depicted a possible partial ACL tear, subsequent arthroscopic surgery established that there was no ligament injury and that the knee was completely stable (see Scott v Aponte, 49 AD3d 1131, 1133 [2008]). Moreover, Hendler opined that, had plaintiff sustained an ACL injury on the date of the accident, he would have immediately experienced significant pain, and the fact that he did not seek treatment for several months after the accident is inconsistent with his claim of having sustained a knee injury (see Scott v Aponte, 49 AD3d at 1133; see also Murray v Helderberg Ambulance Squad, Inc., 133 AD3d 1001, 1002 [2015]; Michels v Marton, 130 AD3d 476, 477 [2015]; Kester v Sendoya, 123 AD3d 418, 418 [2014]; Henchy v VAS Express Corp., 115 AD3d 478, 479 [2014]).
 

 With respect to plaintiff’s 90/180-day claim, defendants satisfied their initial burden of establishing “that plaintiff was not prevented from performing substantially all of the material acts which constitute [his] usual and customary daily activities for at least 90 of the 180 days immediately following the [2013] accident” (Womack v Wilhelm, 96 AD3d 1308, 1310 [2012] [internal quotation marks, brackets, ellipsis and citation omitted]). Notably, plaintiff’s medical records did not impose any limitation on plaintiff’s work or other activities during the relevant time period based on the injuries that he claimed to have sustained in the accident (see Shea v Ives, 137 AD3d 1404, 1406 [2016]; Clausi v Hall, 127 AD3d 1324, 1325 [2015]; Cole v Roberts-Bonville, 99 AD3d 1145, 1147 [2012]; cf. Cross v Labombard, 127 AD3d 1355, 1358 [2015]). Further, inasmuch as “a 90/180-day serious injury requires both objective evidence of a medically determined injury or impairment causally related to the accident, as well as proof that such impairment prevented the plaintiff from performing substantially all of his [or her] regular activities for the requisite period of time” (Howard v Espinosa, 70 AD3d 1091, 1093 [2010]), defendants met their burden with respect to the 90/180-day category by “offering evidence that plaintiff did not sustain any serious injury as a result of the . . . accident” (id.).
 

 The foregoing was sufficient to demonstrate defendants’ entitlement to summary judgment dismissing the amended complaint, thereby shifting the burden to plaintiff to raise a triable issue of fact. In opposition to the motion, plaintiff submitted the report of Charles Episalla, an orthopedic surgeon who reviewed plaintiff’s medical records. Although Episalla also concluded that plaintiff had a preexisting history of cervical and thoracic spine pain and degenerative disc disease, he failed to set forth any “objective medical evidence distinguishing [plaintiff’s] preexisting condition from the injuries claimed to have been caused by this accident” (Thomas v Ku, 112 AD3d 1200, 1201 [2013] [internal quotation marks, brackets and citation omitted]; see Sul-Lowe v Hunter, 148 AD3d 1326, 1329 [2017]; Dudley v Imbesi, 121 AD3d 1461, 1462 [2014]; Cirillo v Swan, 95 AD3d 1401, 1402 [2012]; Howard v Espinosa, 70 AD3d at 1093-1094). His opinion likewise fails to identify any objective medical evidence that causally related plaintiff’s alleged knee injury to the accident (see Womack v Wilhelm, 96 AD3d at 1311). Furthermore, although records submitted by defendants document diminished ranges of motion in plaintiff’s cervical and thoracic spine and right knee, plaintiff submitted no objective medical evidence linking such limitations to the accident (see id.; Cirillo v Swan, 95 AD3d at 1402).
 
 [3]
 
 Finally, as to the 90/180-day category, plaintiff submitted no proof that his usual and customary activities were curtailed in any way as a result of the accident, alleging only that he was restricted from work due to surgery for an unrelated condition (see Shea v Ives, 137 AD3d at 1406; Clausi v Hall, 127 AD3d at 1327; Cole v Roberts-Bonville, 99 AD3d at 1148). Accordingly, Supreme Court properly granted defendants’ motion for summary judgment dismissing the amended complaint.
 

 Peters, P.J., Garry, Rose and Aarons, JJ., concur.
 

 Ordered that the order is affirmed, with costs.
 

 [1]
 

 . Plaintiff initially commenced this action only against Blacker, who then commenced a third-party action against Miller for indemnification and contribution. Thereafter, plaintiff filed an amended complaint naming both Blacker and Miller as defendants.
 

 [2]
 

 . Plaintiff’s assertion that he sustained a serious injury on the ground of significant disfigurement has been abandoned because he did not address it on appeal (see Crawford-Reese v Woodard, 95 AD3d 1418, 1418 [2012]; D’Auria v Kent, 80 AD3d 956, 957 n 2 [2011]).
 

 [3]
 

 . In addition, any unsworn chiropractic records offered by plaintiff to further document his reduced ranges of motion that were not submitted by defendants in support of their motion have no probative value (see Womack v Wilhelm, 96 AD3d at 1310 n 2).