Thomas v Karen A. McMaster (2018 NY Slip Op 07209)





Thomas v Karen A. McMaster


2018 NY Slip Op 07209


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

524825

[*1]LOISANNE THOMAS, Appellant,
v
KAREN A. McMASTER et al., Respondents.

Calendar Date: September 12, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Coughlin & Gerhart, LLP, Ithaca (Michael C. Perehinec Jr. of counsel), for appellant.
Adams & Kaplan, Williamsville (Kevin J. Graff of counsel), for respondents.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered January 5, 2017 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint.
In May 2014, plaintiff's vehicle was struck by a vehicle driven by defendant Karen A. McMaster and owned by defendant Justin T. McMaster. Plaintiff commenced this personal injury action alleging that she had sustained serious physical injury within the meaning of Insurance Law § 5102 (d). Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion. Plaintiff appeals.
Plaintiff relies solely upon the 90/180-day category of serious physical injury, alleging that she suffered a pericardial effusion that "prevented [her] from performing substantially all of the material acts that constituted her usual and customary daily activities" during 90 of the first 180 days that followed the accident (Shea v Ives, 137 AD3d 1404, 1406 [2016] [internal quotation marks, brackets and citation omitted]; see Hildenbrand v Chin, 52 AD3d 1164, 1166 [2008]). It was defendants' burden to support their summary judgment motion "with competent medical evidence that plaintiff did not suffer a serious injury as a result of the accident" (Murray v Helderberg Ambulance Squad, Inc., 133 AD3d 1001, 1001 [2015]; accord Jones v Marshall, 147 AD3d 1279, 1281 [2017]). They did so by submitting plaintiff's medical records, which revealed that plaintiff was not medically restricted from her full-time employment or other activities after the accident (see Altieri v Liccardi, 163 AD3d 1254, 1256 [2018]; Eason v Blacker, 155 AD3d 1180, 1182 [2017]; Shea v Ives, 137 AD3d at 1405-1406). In addition, plaintiff's deposition testimony established that she continued to perform her work after the accident with only occasional missed time for medical appointments, which she described as a few hours here and there, adding up to about two days (see Solis v Silvagni, 82 AD3d 1349, 1350 [2011], lv denied 17 NY3d 715 [2011]; Clements v Lasher, 15 AD3d 712, 713-714 [2005]).
The burden thus shifted to plaintiff to submit "objective medical evidence sufficient to create a question of fact regarding the existence of a serious injury caused by the accident" (Cross v Labombard, 127 AD3d 1355, 1355-1356 [2015]; accord Fillette v Lundberg, 150 AD3d 1574, 1576 [2017]). Plaintiff asserted that she missed work within the 180-day period after the accident because chest pain that she claimed was caused by a pleural effusion forced her to retire in August 2014, several months earlier than she had planned. She described various limitations on her activities, including the inability to perform certain household chores or carry groceries. Finally, she submitted records of four EKGs administered after the accident that she claimed reflected abnormalities that were not present in her previous EKGs. However, there was no medical evidence submitted to establish a causal relationship between these alleged abnormalities and her chest pain or limitations. On the contrary, the medical records included an assessment by plaintiff's treating cardiologist, stating that, although she had apparently experienced chest wall contusions, "it [was] unclear to [him] whether she actually had a cardiac contusion." He described a pericardial effusion seen in a previous examination as "minimal," stated that he was "not even sure of its significance," and concluded that he did not believe that the pain she was experiencing "was coronary in nature." In the absence of objective medical proof supporting her claim of serious injury, plaintiff's assertions were not sufficient to establish a triable question of fact (see Clausi v Hall, 127 AD3d 1324, 1327 [2015]; Palmer v Moulton, 16 AD3d 933, 935 [2005]; Daisernia v Thomas, 12 AD3d 998, 999 [2004]). Accordingly, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.
McCarthy, Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.