Scarincio v Cerillo (2021 NY Slip Op 03887)





Scarincio v Cerillo


2021 NY Slip Op 03887


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

531118
[*1]Travis M. Scarincio, Appellant,
v
Sarah K. Cerillo, Respondent.

Calendar Date:April 27, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Brian Lee Law Firm, PLLC, Saratoga Springs (James A. Lombardo of Horigan, Horigan, Lombardo, PC, Amsterdam, of counsel), for appellant.
Hurwitz & Fine, PC, Buffalo (Brian M. Webb of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Muller, J.), entered February 20, 2020 in Warren County, which granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff commenced this negligence action to recover for injuries he sustained in a June 2016 motor vehicle collision. Following discovery, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff failed to suffer a serious injury (see Insurance Law § 5102 [d]). Supreme Court granted defendant's motion. Plaintiff appeals.
As relevant here, a serious injury includes a "significant limitation of use of a body function or system[,] or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). "When a defendant moves for summary judgment within the context of Insurance Law § 5102 (d), he or she bears the initial burden of establishing with competent medical evidence that the plaintiff did not suffer a serious injury as a result of the accident" (Vanalstyne v Gordon, 180 AD3d 1140, 1141 [2020] [internal quotation marks, brackets and citations omitted]; see Jones v Marshall, 147 AD3d 1279, 1281 [2017]). Upon such a showing, the burden shifts to the plaintiff "to set forth competent medical evidence to support [his or] her claim of serious injury and connect the condition to the accident" (Clausi v Hall, 127 AD3d 1324, 1325 [2015]; see Moat v Kizale, 149 AD3d 1308, 1313 [2017]). "When a plaintiff relies upon the . . . significant limitation of use categor[y], such claim[] must be grounded upon objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing the plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system. Additionally, a plaintiff must demonstrate that the limitation of use that he or she sustained was more than mild, minor or slight" (Jones v Marshall, 147 AD3d at 1280 [internal quotation marks, brackets and citations omitted]; see DeHaas v Kathan, 100 AD3d 1057, 1058 [2012]). As to the 90/180-day category, "[s]imilar objective evidence, such as medically imposed limitations upon daily activities, must support a plaintiff's claim . . . [and] self-serving assertions in this regard will not suffice" (Jones v Marshall, 147 AD3d at 1280-1281).
Defendant submitted plaintiff's deposition testimony and medical records, which noted diagnoses of carpal tunnel syndrome and cervical sprain or strain. Various studies, including a CT scan, MRI and EMG study conducted at different times, revealed no abnormalities (see Tuna v Babendererde, 32 AD3d 574, 576 [2006]; Blanchard v Wilcox, 283 AD2d 821, 822 [2001[*2]]; compare Toure v Avis Rent A Car Sys., 98 NY2d 345, 352, 354 [2002]; Raucci v Hester, 119 AD3d 1044, 1045-1046 [2014]). Despite the EMG being negative and plaintiff having full range of motion with his wrist, he underwent a carpal tunnel release. The records do not reveal that plaintiff was subject to any restrictions or limitations regarding his wrist, even before the surgery, and records of a follow-up visit after the surgery indicate that plaintiff reported "much improvement" and represented that he was "rapidly getting better" with only occasional pain. As plaintiff had no noted limitations to his wrist, the diagnosed carpal tunnel syndrome was "not sufficiently significant to permit recovery beyond that authorized by the no-fault law" (Baker v Thorpe, 43 AD3d 535, 536 [2007]; compare Apuzzo v Ferguson, 20 AD3d 647, 648 [2005]).
Although certain medical providers observed that plaintiff suffered a limited range of motion to his cervical spine, none of the records submitted by defendant contained objective measurements of plaintiff's range of motion or comparison to normal ranges (compare Raucci v Hester, 119 AD3d at 1046; Garner v Tong, 27 AD3d 401, 401 [2006]). Plaintiff's medical records reveal that his treatment providers never imposed any restrictions on his work or other activities (see Eason v Blacker, 155 AD3d 1180, 1182 [2017]; Shea v Ives, 137 AD3d 1404, 1406 [2016]; compare Shelley v McCutcheon, 121 AD3d 1243, 1246 [2014]). Plaintiff testified that he had missed approximately 45 days of work since the accident, but clarified that he missed only three days of work immediately after the accident and the remainder of the time missed was partial workdays for medical appointments. Due to his injuries, plaintiff missed approximately 14 days of college classes over two years, which did not affect his ability to graduate on schedule. At his deposition, plaintiff testified that he is no longer able to lift objects over 25 pounds and that he has difficulty with daily activities, such as driving and carrying groceries, as well as leisure activities, including hunting, hiking and kayaking. Given the lack of medical restrictions and his ability to complete his work and school obligations, plaintiff's reported limitations in his leisure activities are not sufficient to satisfy the statutory threshold for the 90/180-day category (see Baker v Thorpe, 43 AD3d at 537; see also Tuna v Babendererde, 32 AD3d at 577; Palmer v Moulton, 16 AD3d 933, 935 [2005]). Viewing the evidence in a light most favorable to plaintiff, defendant met her threshold burden of establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Jones v Marshall, 147 AD3d at 1281; Clausi v Hall, 127 AD3d at 1325).
In opposition, plaintiff submitted additional records, including records from physical therapy and from medical evaluations performed on behalf of a no-fault insurance carrier. Although the physical therapy [*3]records state that plaintiff had reduced range of motion in his neck, it is unclear what diagnostic evaluation was employed to reach that finding (see Blanchard v Wilcox, 283 AD2d at 823; Hines v Capital Dist. Transp. Auth., 280 AD2d 768, 770 [2001]; compare Santos v Marcellino, 297 AD2d 440, 442 [2002]). A physician's no-fault evaluation noted plaintiff's specific cervical ranges of motion, as measured in degrees by a bubble inclinometer, but failed to provide or explain a standard functioning range for comparison (see Wolff v Schweitzer, 56 AD3d 859, 862 [2008]; compare Garner v Tong, 27 AD3d at 401). Despite recommending that plaintiff could benefit from certain continued treatment, that physician concluded that plaintiff's prognosis was "good," there was no medical necessity for additional physical therapy or diagnostic testing and there were no restrictions on his "ability to work, attend school or participate in all his activities of daily living." A chiropractor's no-fault evaluation reported ranges of motion for plaintiff's cervical and thoracolumbar spine, as measured in degrees by an inclinometer, some of which were seemingly below a typical adult range of motion as compared to standard thresholds. Nonetheless, the chiropractor concluded that plaintiff did not need additional care or diagnostic testing. The chiropractor also found "no objective evidence of disability" and opined that plaintiff "can work without restrictions."
On plaintiff's claim of significant limitation of use, he failed to demonstrate that he sustained more than a minor limitation. The no-fault evaluation records fall short of providing a qualitative or quantitative comparison of plaintiff's range of motion to the normal function, purpose and use of a spine that resulted in plaintiff suffering a disability (see Shea v Ives, 137 AD3d at 1405; compare Clausi v Hall, 127 AD3d at 1326). Each report separately noted that plaintiff's outlook was promising and that his normal activities were not impeded by his injuries; "[a]bsent limitations, there is no serious injury" (Lopez v Morel-Ulla, 144 AD3d 504, 505 [2016]). As such, plaintiff failed to offer the proof necessary to raise a question of fact as to whether he had sustained a serious injury under this category (see Jones v Marshall, 147 AD3d at 1281). As plaintiff's own testimony and his medical records reveal that, beginning less than a week following the accident, he was able to perform substantially all of his work and school obligations with no — or, at best, limited — restrictions, his submissions failed to raise a question of fact regarding the 90/180-day category (see Shea v Ives, 137 AD3d at 1406; Clausi v Hall, 127 AD3d at 1327; Raucci v Hester, 119 AD3d at 1047). Accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.
Egan Jr., Lynch and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.